**ORIGINAL**

FILED

2008 AUG 15  AM 9: 51

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

1 | Dan Stormer, Esq. [S.B. #101967]
Nagwa Ibrahim, Esq. [S.B. #255216]
2 | HADSELL & STORMER, KEENY,
    RICHARDSON & RENICK LLP.
3 | 128 North Fair Oaks Avenue, 2nd Floor
Pasadena, California 91103-3645
4 | Telephone: (626) 585-9600
Facsimile: (626) 577-7079
5 |
6 | Susan L. Guinn, Esq., [S.B. #159212]
LAW OFFICE OF SUSAN L. GUINN
4660 La Jolla Village Drive, #500
7 | San Diego, California 92122
Telephone: (619) 275-5796
8 | Facsimile: (619) 275-3546
9 |
Attorneys for Plaintiff
DENISE STEFFENS
10 |

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

**'08 CV 1494 LAB BLM**

DENISE STEFFENS,

    Plaintiff,

    v.

REGUS GROUP, PLC; REGUS
MANAGEMENT GROUP, LLC;
REGUS EQUITY BUSINESS
CENTERS, LLC; REGUS BUSINESS
CENTER, LLC; HQ GLOBAL
WORKPLACES, LLC; THE REGUS
GROUP, PLC; SANDE GOLGART;
SHARON EDMONSON; and, DOES 1-
10

    Defendants.

Case No:

**COMPLAINT FOR DAMAGES**

**1.   Retaliation for Whistleblowing in Violation of Labor Code § 1102.5**

**2.   Retaliation for Whistleblowing in Violation of Labor Code § 6310**

**3.   Violation of the Fair Employment and Housing Act § 12940(a)**

**4.   Age Discrimination in Violation of the Age Discrimination in Employment Act of 1967**

**5.   Wrongful Termination in Violation of Public Policy**

**6.   Intentional Infliction of Emotional Distress**

**DEMAND FOR JURY TRIAL**

1

**COMPLAINT FOR DAMAGES**

1

## INTRODUCTION

2    1.    This is an action for damages arising out of Defendants' conduct in

3    retaliating against Plaintiff, a long-time, exemplary employee of Defendant, The Regus

4    Group, PLC ("Regus") for her efforts to uphold State laws, policies, guidelines, and

5    codes of conduct and perform her duties with high ethical and professional standards.

6    Plaintiff, Denise Steffens, was retaliated against for her repeated complaints regarding

7    Defendants' efforts to trim labor costs and increase profits by shaving overtime pay from

8    hourly employees and denying them the rest and meal breaks they are entitled to under

9    California law. As a result of Ms. Steffens bringing to light Defendant's unlawful

10   behavior, Defendants first sought to make Ms. Steffens' work so unbearable that she

11   would quit. When Ms. Steffens refused to do so, she was fired on July 5, 2007. Ms.

12   Steffens' termination was also a result of age discrimination on the part of Defendants.

13   Defendants' actions against Ms. Steffens, which included discrimination, retaliation, and

14   termination of employment, violated the Labor Code including but not limited to

15   § 1102.5 and § 6310, the anti-discrimination provision of the Fair Employment and

16   Housing Act ("FEHA");  the Age Discrimination in Employment Act of 1967

17   ("ADEA"); and gives rise to Plaintiff's cause of action for wrongful termination in

18   violation of public policy as established by the Labor Code, FEHA, ADEA, and the

19   California Constitution.

20

## JURISDICTION AND VENUE

21   2.    This Court has original subject matter jurisdiction over this action pursuant

22   to 28 U.S.C. § 1332(c)(1) because plaintiffs' reside in California, and the Defendants'

23   state of incorporation is Delaware and the  principal place of business in the United

24   States is Dallas, Texas. Therefore, with plaintiffs residing in a state different from all

25   defendants, complete diversity exists giving the Court Jurisdiction pursuant to 28 U.S.C

26   § 1332(c)(1). This Court has original subject matter jurisdiction over this action

27   pursuant to 28 U.S.C § 1332(d) because the amount in controversy exceeds the sum of

28   $75,000. The court also has jurisdiction under 28 U.S.C § 1331 (federal question).

**COMPLAINT FOR DAMAGES**

1  Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b)

2  because all of the acts, events and omissions giving rise to the action occurred in this

3  District.  Plaintiff's state law claims for relief are within the supplemental jurisdiction of

4  the Court, as authorized by 28 U.S.C. § 1367.

5                                      **PARTIES**

6      3.    Plaintiff Denise Steffens is a fifty-two year old woman who, at all times

7  relevant herein, has been a resident of San Diego County, State of California.

8      4.    Plaintiff is informed and believes and thereon alleges that at all relevant

9  times the Defendant, Regus, is  and was a publicly-held, for-profit corporation

10 incorporated in the state of Delaware with its corporate headquarters located in Dallas,

11 Texas.

12     5.    Defendant Sharon Edmonson, on information and belief, has been a resident

13 of the State of Texas, at all times relevant herein, and is the Director of Human

14 Resources for Regus Group.

15     6.    Defendant Sande Golgart, on information and belief, has been a resident of

16 Washington State, at all times relevant herein, and is the West Coast Regional Vice

17 President for Regus Group.

18     7.    Plaintiff is ignorant of the true names and capacities of Defendants sued

19 herein as Does 1-10, inclusive, and therefore sues these Defendants by such fictitious

20 names and capacities.  Plaintiff will amend ths complaint to allege their true names and

21 capacities when ascertained.  Plaintiff is informed and believes and on that basis alleges

22 that each fictitiously-named Defendant is responsible in some manner for the

23 occurrences herein alleged, and that Plaintiff's injuries were proximately caused by the

24 conduct of such Defendants.

25     8.    Plaintiff is informed and believes and thereupon alleges that each Defendant

26 conspired and agreed among themselves to do the acts complained of herein and were, in

27 doing such acts, acting pursuant to and in furtherance of said conspiracy, and each

28 Defendant sued herein is jointly and severally responsible and liable to Plaintiffs for the

**COMPLAINT FOR DAMAGES**

1  damages alleged herein.

2  9.  Whenever and wherever reference is made to individuals who are not named

3  as Plaintiffs or Defendants in this complaint but are or were employees/agents of

4  Defendants, or any of them, such references shall be deemed to mean that such

5  individuals at all relevant times acted on behalf of Defendants within the scope of their

6  employment.

7  **GENERAL ALLEGATIONS**

8  10.  Regus operates over 950 business centers across nearly 400 cities in 70

9  countries.  Regus leases fully staffed and equipped offices, offering business support

10 services, meeting, conference and training facilities, and boasts the largest network of

11 public video conference rooms serving over 200,000 clients on a daily basis.  Regus also

12 offers home networking and "Virtual Office" and "Virtual PA" providing dedicated

13 business addresses as well as mail and call handling services.  Regus has approximately

14 250 nonexempt hourly employees in California.

15 11.  Denise Steffens began working for Regus in 2003, following its acquisition

16 of her employer HQ Global Workplaces LLC ("HQ").

17 12.  Ms. Steffens had been promoted by HQ to San Diego District Manager

18 where she was responsible for eleven locations with more than 55 employees and annual

19 sales of 15 million.  She was later promoted by Regus to Area President of San Diego

20 and was ultimately asked to take over as General Manger of Regus's flagship 35,000

21 square foot two floor Emerald Plaza Center in Downtown San Diego, one of Regus's

22 largest centers in California.

23 13.  Throughout her employment with HQ and Regus, Ms. Steffens was praised

24 often by upper management and rose through the ranks quickly.  Her employment at

25 Regus was marked by no less than three promotions and ten merit pay increases.  She

26 achieved the position of General Manager in 2002 and received a rating of "exceeds

27 expectations" for each year her performance evaluations were completed.  Further, she

28 met nearly every budget and sales goal demanded of her by Regus, and earned a

4

**COMPLAINT FOR DAMAGES**

1   performance bonus for every quarter in which she was in the position of General

2   Manager.

3       14.   When Ms. Steffens was initially informed in 2003, by then Area Director,

4   that Regus did not have to abide by California wage and hour law, Ms. Steffens voiced

5   her concerns to upper management at Regus that she believed Regus's actions to be

6   unlawful.   Once Regus management became aware of her speaking out concerning the

7   unlawful behavior, Defendants, Regus, West Coast Regional Vice President Sande

8   Golgart, and Human Resources Director Sharon Edmonson, began a campaign of

9   harassment intended to force Ms. Steffens to resign.   Mr. Golgart singled Ms. Steffens

10  out as a "troublemaker" because of her complaints on behalf of hourly employees.

11  Regus then provided her with unrealistic sales expectations, criticized and singled her

12  out in meetings and conference calls, and ultimately failed to follow its internal

13  "progressive discipline policy" for terminating an employee when they terminated

14  Plaintiff Denise Steffens on July 5, 2007.

15                  *Regus's Unlawful Wage and Hour Practices*

16      15.   In an effort to increase profits by suppressing payroll costs, Defendant

17  Regus systematically forced its employees to work off the clock and to work through

18  their meal and rest breaks.   Ms. Steffens was repeatedly informed by Regus management

19  that the level of staffing was not going to change, that employees were not entitled to rest

20  and meal breaks, and that any overtime submissions would not be looked upon

21  favorably.

22      16.   As a result of chronic understaffing, many employees were forced to work

23  off the clock before and after their scheduled time without recording this overtime on

24  their time sheets.   Companywide staff was reduced by 33%.   Many offices which had 6

25  to 7 hourly employees, had been reduced to 5 or 4 hourly employees.

26      17.   Employees were informed that they would be disciplined if they submitted

27  unapproved overtime, yet they were not able to perform the requirements of their job

28  function if they took their uninterrupted meal break, or clocked out and left at their

1   scheduled time. Often, hourly employees were performing multiple job functions at
2   once. Many employees had to balance answering phones, dealing with customer
3   complaints, servicing clients, handling sales calls, and performing sophisticated and
4   general office tasks on behalf of clients. In order to keep their jobs, hourly employees
5   were and continue to be forced to clock out, yet return to their station and work. If they
6   did not do so, they risked exposure to discipline or termination. Many salespersons
7   continued to work off the clock on their meal breaks and past their scheduled time in an
8   effort to reach Regus's sales expectations.

9        18.    As a result of understaffing and the forced denial of meal and rest breaks,
10  the work environment at Regus was and continues to be intense and stressful for the
11  employees.

12        19.    As a result of hourly employees being forced to forgo their meal and rest
13  breaks and work long uninterrupted hours without receiving overtime pay, in order to
14  handle the extraordinary workload, the health and safety of the employees was being
15  compromised.

16        *Termination of Ms. Steffens as Retaliation for Whistleblowing*

17        20.    In 2003, Regus's Area Director stated during a conference call that it was
18  Regus's policy to no longer provide rest breaks to employees in California. This
19  unlawful directive was then incorporated into regular corporate presentations at meetings
20  and conference calls, in which Regus's executives instructed managers to deny hourly
21  employees rest breaks and to shave overtime from their time records.

22        21.    From the onset, Plaintiff Denise Steffens was concerned for the health and
23  safety of the hourly employees who were being forced to handle extraordinary
24  workloads, work long uninterrupted hours, and forgo their meal and rest breaks.
25  Plaintiff Denise Steffens also feared that Defendant Regus was exposing itself to
26  potential civil and criminal liability. As a result of her concerns, she raised the issue on
27  or about October, 2006 with her supervisors including Defendant Regional Vice
28  President Sande Golgart.

**COMPLAINT FOR DAMAGES**

22.   Ms. Steffens' complaints went unheeded. It became clear that Ms. Steffens would not cooperate with their illegal practices that were undermining the health and safety of the employees and denying them their rights. Managers were also concerned that Ms. Steffens would report the illegal practices to the necessary administrative authorities. As a result, Ms. Steffens was targeted for termination by the Defendants including Sande Golgart and Sharon Edmonson.

23.   During her employment at Regus, Ms. Steffens had consistently been a high achiever, and was held out by management as such. Ms. Steffens' record of performance as General Manager of Emerald Plaza was exemplary. Her 2006 performance review reflected that her work "exceeded expectation" in nearly all categories. Prior years' performance reviews also indicate this same level of performance.

24.   In June 2007, Regus publicly recognized Ms. Steffens for outstanding performance as her center was one of only twenty-six Regus Western Region centers to exceed January revenues by more than 10%, raising Emerald Plaza revenues by 22% between January and May of 2007. In April and May of 2007, just one month prior to her termination for "poor performance," Ms. Steffens had leased more Workstations at Emerald Plaza than any of her colleagues operating the remaining six Regus centers in San Diego, and ranked in the top ten of more than 100 centers in the region.

25.   Ms. Steffens received performance-based bonuses of nearly 100% of the maximum allowed for each quarter in 2005 and 2006 and received her first and second quarter bonuses in 2007. Ms. Steffens also received a merit payment of 4% of her base salary in each of her last three years of employment with Regus. Plaintiff is informed and believe that a merit payment of 4% is the largest amount a General Manager has achieved at Regus.

26.   Following her complaints to Sande Golgart on or about October 2006, and for the first time in her career, Ms. Steffens was placed on an "Action Plan" on April 11, 2007 for substandard performance only one and one half weeks after she had earned her

7
**COMPLAINT FOR DAMAGES**

1   2007 first quarter bonus.

2       27.    Defendant Sande Golgart not only dismissed Ms. Steffens concerns and

3   recommendations, but he also became hostile and aggressive toward Ms. Steffens after it

4   became clear in October 2006 that Ms. Steffens posed an obstacle to their illegal scheme

5   to cut labor costs and undermine the health and safety of employees.

6       28.    Defendant Sande Golgart, with the help of Defendant Sharon Edmonson,

7   Director of Human Resources, took steps to destabilize Ms. Steffens management

8   position in retaliation for her complaints.  This retaliation included the following:

9       •       Treating Ms. Steffens in a hostile and aggressive manner;

10      •       Markedly increasing the revenue expectations of the facility managed

11              by Ms. Steffens;

12      •       Singling Ms. Steffens out among General Managers by placing her on

13              an "Action Plan" in April 2007 in violation of internal Human

14              Resources policy despite her high level of performance during the

15              four years that she managed the Emerald Plaza Center;

16      •       Terminating Ms. Steffens' employment in July 2007.

17      29.    Regus's own employee handbooks calls for a three step process for

18  disciplining and ultimately terminating an employee.  In an effort to quiet Ms. Steffens

19  quickly and remove her from her employment, Mr. Golgart ignored the first two steps

20  and jumped to the third step by providing Ms. Steffens with an "Action Plan" on April

21  11, 2007.

22      30.    Plaintiff Denise Steffens was put on this "Action Plan" by Defendants soon

23  after her complaints concerning the wage and hour violations, despite the financial data

24  and available positive feedback records about her performance.  In fact Defendants

25  criticized Ms. Steffens for performance issues that were overlooked with other

26  employees.

27      31.    The "Action Plan" cited "Unsatisfactory Work Performance" and went on to

28  accuse Ms. Steffens of failing to motivate her staff, falling below expected occupancy

**COMPLAINT FOR DAMAGES**

growth, failing to retain clients and failing to meet Workstation selling requirements.
The plan provided her with 60 days to rectify the problem or be terminated.

32.    The 60 day time frame, however, was outlandish even by Regus's standards.
Plaintiff is informed and believes that the time period given to Ms. Steffens to raise sales
and occupancy levels was far shorter than any which had been provided to General
Managers in the past. The plan specifically called for Ms. Steffens to raise her
Workstation Income Per Occupied Workstation ("WIPOW") from $508 to $747. Many
of these workstations were under current lease to customers. While plaintiff had
achieved her profitability goals in the past, she was now being asked to somehow raise
the level of income or Workstation that were currently under lease for one year or more.
In order to achieve this goal she would have had to terminate active tenants in violation
of written leases and locate new customers who would be willing to rent space at an
exorbitant rate. This increase in WIPOW is nearly impossible to achieve for even the
most seasoned General Manager, and was made difficult by a collapse in the San Diego
real estate leasing market in 2007. The increase demanded of Ms. Steffens was even
more outrageous given the 60 day time period Ms. Steffens was provided to correct the
"problem."

33.    The Emerald Plaza had also been under constant construction and
remodeling during the six months prior to Plaintiff Denise Steffens being put on the
"Action Plan." Defendant Sande Golgart was fully aware that selling workstations and
office space would be a nearly insurmountable task through the deafening noise of
construction, constant power shutdowns, and plastic covering large areas of the floor.

34.    Despite Regus's subversive "Action Plan", the real estate collapse, office
construction, and understaffing, Ms. Steffens still continued to prosper in her profession.

35.    As indicated, in June 2007, two months after being put on the "Action
Plan," Ms. Steffens was singled out at a regional meeting as being in the top 10 of more
than 100 office centers in the western region. She had achieved higher sales numbers
than all but three General Managers in the more than 100 regional centers. In fact only

9

**COMPLAINT FOR DAMAGES**

1 | 26 of the regional centers had achieved at least 10% increase from the time period, and
2 | Ms. Steffens was near the top of the list.

3 |      36.   Ms. Steffens' occupancy rates leading up to and following her being placed
4 | on the "Action Plan" remained between 85% and 95% notwithstanding the added
5 | pressure being imposed upon her and the construction in her branch. This occupancy
6 | rate reflects a rate on par, and in many cases in excess of, her fellow General Managers.

7 |      37.   Although more than 2/3 of the more than 100 centers were operating at a
8 | projected loss for the time period from January 2007 through May 2007, nearly every
9 | one of the General Managers from those offices remained employed by Regus, and had
10 | not been put on an "Action Plan."

11 |      38.   Defendants, therefore, retaliated against Plaintiff Denise Steffens for
12 | complaining about Defendants' illegal practices, by treating her in a hostile and
13 | aggressive manner, putting her on an unrealistic "Action Plan" that attempted to
14 | undermine her ability to perform, ignored her successes, unfairly criticized and singled
15 | out her performance, downgraded her for problems that went ignored with other General
16 | Managers, disciplined her for not meeting sales and budget goals in which her
17 | performance exceeded or met those in her equivalent position, and denied her
18 | promotions.

19 |      39.   When Ms. Steffens refused to resign, despite Defendants' campaign to force
20 | her to resign through the "Action Plan" after Ms. Steffens complained about wage and
21 | hour violations, Defendants terminated her employment on July 5, 2007. The action
22 | plan, therefore, was nothing more than a clumsy attempt by Defendants to provide a
23 | paper trail for Regus should Ms. Steffens pursue litigation in the future.

24 |      40.   The causal connection between Ms. Steffens' complaints and Regus's
25 | unlawful behavior can be shown by the timing of these actions. Immediately before she
26 | complained about Regus's unlawful wage and hour policies, Ms. Steffens received a
27 | highly favorable performance evaluation, a 4% yearly merit based payout of her salary,
28 | as she had reached top scale, as well as a significant bonus based on her performance for

1  2006. In fact, because her bonus was tied to budget expectations, Regus had no choice

2  but to pay her a bonus for the quarter ending only one month prior to her termination.

3  Notwithstanding the unrealistic expectations placed on Ms. Steffens by Regus following

4  her outspoken complaints concerning wage and hour violations, she continued to

5  perform at a high level which in many cases exceeded the performance of General

6  Managers who remain in Regus's employ to this day.

7       41.    Although Ms. Steffens again exceeded her budget and sales goals in the

8  spring of 2007 to earn a second quarter bonus, she was still terminated on July 5, 2007.

9       *Termination of Ms. Steffens due to Age Discrimination*

10       42.    Ms. Steffens, a 52 year old woman was terminated by Regus in part because

11  of her age.

12       43.    Ms. Steffens' age was a factor taken into consideration by Regus when it

13  made its decision to terminate. This was made clear to her by her Regional Vice

14  President Sande Golgart who embarked on a campaign of harassment to remove Ms.

15  Steffens once she began to complain concerning wage and hour violations. Ms. Steffens

16  was told directly by Regus's management that her age was a significant factor in its

17  decision to abruptly terminate her notwithstanding her continued success with the

18  company.

19       **FIRST CAUSE OF ACTION**

20       **Retaliation for Whistleblowing in Violation of Labor Code § 1102.5**

21       **[Plaintiff Denise Steffens Against All Defendants and Does 1-10]**

22       44.    Plaintiff restates and incorporates by reference each and every allegation

23  contained in paragraphs 1-43.

24       45.    Plaintiff Denise Steffens, while an employee at Regus, was outspoken

25  about her complaints concerning the health and safety of the hourly employees who were

26  being forced by Defendants to handle extraordinary workloads, work long uninterrupted

27  hours, and forgo their meal and rest breaks.

28       46.    Plaintiff Denise Steffens would not cooperate with Defendants' illegal

1    practices involving wage and hour violations that were undermining the health and

2    safety of the employees and denying them their labor rights under the law.

3      47.     Defendants Sande Golgart and Sharon Edmonson retaliated against Ms.

4    Steffens for her whistleblowing activities concerning the wage and hour violations by,

5    *inter alia*, harassing and intimidating her, and terminating her employment. Defendants,

6    and each of them, permitted, participated in, abetted, and ratified this wrongful and

7    illegal conduct on the part of Sande Golgart and Sharon Edmonson.

8      48.     As a direct and proximate result of Defendants' unlawful conduct, Ms.

9    Steffens has suffered and will continue to suffer emotional injuries, including but not

10    limited to, depression and anxiety. Ms. Steffens has suffered and continues to suffer a

11    loss of earnings and other employment benefits. Plaintiffs are thereby entitled to general

12    and compensatory damages in amounts to be proven at trial.

13      49.     The conduct of Defendants, as described herein was malicious, fraudulent,

14    and oppressive and/or done with a wilful and conscious disregard for Plaintiff's rights

15    and for the deleterious consequence of her actions. Consequently, Plaintiff is entitled to

16    punitive damages against Defendants.

17                      **SECOND CAUSE OF ACTION**

18       **Retaliation for Whistleblowing in Violation of Labor Code § 6310**

19        **[Plaintiff Denise Steffens Against All Defendants and Does 1-10]**

20      50.     Plaintiff restates and incorporates by reference each and every allegation

21    contained in paragraphs 1-49.

22      51.     Plaintiff Denise Steffens, while an employee at Regus, was outspoken

23    about her complaints concerning the health and safety of the hourly employees who were

24    being forced by Defendants to handle extraordinary workloads, work long uninterrupted

25    hours, and forgo their meal and rest breaks.

26      52.     Plaintiff Denise Steffens would not cooperate with Defendants' illegal

27    practices involving wage and hour violations that were undermining the health and

28    safety of the employees and denying them their labor rights under the law.

**COMPLAINT FOR DAMAGES**

53.    Defendants Sande Golgart and Sharon Edmonson retaliated against Plaintiff Denise Steffens for her whistleblowing activities concerning the wage and hour violations and out of concern that Ms. Steffens would report the illegal practices to the necessary administrative authorities by, *inter alia*, harassing and intimidating her, and terminating her employment. Defendants, and each of them, permitted, participated in, abetted, and ratified this wrongful and illegal conduct on the part of Sande Golgart and Sharon Edmonson.

54.    As a direct and proximate result of Defendants' unlawful conduct, Ms. Steffens has suffered and will continue to suffer emotional injuries, including but not limited to, depression and anxiety. Ms. Steffens has suffered and continues to suffer a loss of earnings and other employment benefits. Plaintiffs are thereby entitled to general and compensatory damages in amounts to be proven at trial.

55.    The conduct of Defendants, as described herein was malicious, fraudulent, and oppressive and/or done with a wilful and conscious disregard for Plaintiff's rights and for the deleterious consequence of her actions. Consequently, Plaintiff is entitled to punitive damages against Defendants.

### THIRD CAUSE OF ACTION

### Violation of Fair Employment and Housing Act § 12940(a)

### [Plaintiffs Denise Steffens Against All Defendants and Does 1-10]

56.    Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1-55.

57.    As alleged herein, Plaintiff Denise Steffens was subject to the following adverse actions: (a) Defendants put Ms. Steffens on an unrealistic "Action Plan" that attempted to undermine her ability to perform, ignored her successes, unfairly criticized and singled out her performance, downgraded her for problems that went ignored with other General Managers, disciplined her for not meeting sales and budget goals in which her performance exceeded or met those in her equivalent position, denied her promotions and; (b) Defendants terminated her employment on July 5, 2007, despite her exemplary

**COMPLAINT FOR DAMAGES**

1  track record of success with Regus.

2      58.    Plaintiff Denise Steffens was 52 years old at the time Defendants terminated

3  her employment.

4      59.    As alleged herein, she was qualified for the position and performed the job

5  satisfactorily with Defendants' own records documenting her exemplary performance up

6  until the point of her termination.

7      60.    She was officially terminated on July 5, 2007 despite her exemplary track

8  record of success with Regus and was replaced by a young man in his early thirties who

9  was paid significantly less than Ms. Steffens due to his age and lack of experience.

10      61.    Ms. Steffens' age was a factor taken into consideration by Regus when it

11  made its decision to terminate. This was made clear to her by her Regional Vice

12  President Sande Golgart who embarked on a campaign of harassment to remove Ms.

13  Steffens once she began to complain concerning wage and hour violations. Ms. Steffens

14  was told directly by Regus's management that her age was a significant factor in its

15  decision to abruptly terminate her notwithstanding her continued success with the

16  company.

17      62.    Defendants took the forgoing adverse employment actions against Ms.

18  Denise Steffens because of, among other things, her age.

19      63.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff

20  Ms. Denise Steffens has suffered and will continue to suffer both physical and emotional

21  injuries, including but not limited to, depression and anxiety. Plaintiff has suffered and

22  continues to suffer loss of earnings and other employment benefits. Plaintiff is thereby

23  entitled to general and compensatory damages in amounts to be proven at trial.

24      64.    The conduct of Defendants, as described herein was malicious, fraudulent,

25  and oppressive and/or done with willful and conscious disregard for Plaintiff's rights and

26  for the deleterious consequences of her actions. Consequently, Plaintiff is entitled to

27  punitive damages against Defendants

28  ///

# FOURTH CAUSE OF ACTION

## Age Discrimination in Violation of the Age Discrimination in

## Employment Act of 1967 § 621 - 634

### [Plaintiff Denise Steffens Against All Defendants and Does 1-10]

65.    Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1-64.

66.    As alleged herein, Plaintiff Denise Steffens was subject to the following adverse action: (a) Defendants put Ms. Steffens on an unrealistic "Action Plan" that attempted to undermine her ability to perform, ignored her successes, unfairly criticized and singled out her performance, downgraded her for problems that went ignored with other General Managers, disciplined her for not meeting sales and budget goals in which her performance exceeded or met those in her equivalent position, denied her promotions and; (b) Defendants terminated her employment on July 5, 2007, despite her exemplary track record of success with Regus.

67.    Plaintiff Denise Steffens was 52 years old at the time Defendants terminated her employment.

68.    As alleged herein, she was qualified for the position and performed the job satisfactorily with Defendants' own records documenting her exemplary performance up until the point of her termination.

69.    She was officially terminated on July 5, 2007 despite her exemplary track record of success with Regus and was replaced by a young man in his early thirties who was paid significantly less than Ms. Steffens due to his age and lack of experience.

70.    Ms. Steffens' age was a factor taken into consideration by Regus when it made its decision to terminate.  This was made clear to her by her Regional Vice President Sande Golgart who embarked on a campaign of harassment to remove Ms. Steffens once she began to complain concerning wage and hour violations.  Ms. Steffens was told directly by Regus's management that her age was a significant factor in its decision to abruptly terminate her notwithstanding her continued success with the

1 │ company.

2 │     71.    Defendants took the forgoing adverse employment actions against Ms.

3 │ Denise Steffens because of, among other things, her age.

4 │     72.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff

5 │ Ms. Denise Steffens has suffered and continues to suffer loss of earnings and other

6 │ employment benefits.  Plaintiff is thereby entitled to general damages in amounts to be

7 │ proven at trial.

8 │     73.    The conduct of Defendants, as described herein was malicious, fraudulent,

9 │ and oppressive and/or done with willful and conscious disregard for Plaintiff's rights and

10 │ for the deleterious consequences of her actions.  Consequently, Plaintiff is entitled to

11 │ such legal or equitable relief as may be appropriate against Defendants.

12 │ **FIFTH CAUSE OF ACTION**

13 │ **Wrongful Termination in Violation of Public Policy**

14 │ **[Plaintiff Denise Steffens Against All Defendants and Does 1-10]**

15 │     74.    Plaintiff restates and incorporates by reference each and every allegation

16 │ contained in paragraphs 1-73.

17 │     75.    Defendants' wrongful termination of 52 year-old Plaintiff, Denise Steffens,

18 │ for her repeated complaints concerning Defendants unlawful wage and hour violations

19 │ and Defendants disregard for the health and safety of the employees through such

20 │ violations, as well as for her age, constitute public policy violations of this State as

21 │ expressed in the Labor Code including but not limited to § 1102.5 and § 6310, FEHA

22 │ § 12940(a), the ADEA, and the California State Constitution.

23 │     76.    Defendants terminated Plaintiff Denise Steffens from her employment with

24 │ Regus on July 5, 2007.

25 │     77.    Defendants terminated Ms. Steffens because, among other things: a)she

26 │ complained about Defendants unlawful wage and hour violations, as well as Defendants'

27 │ denial of employees meal and rest breaks, and how such illegal conduct was

28 │ undermining the health and safety of the employees; and b) because of her age since Ms.

**COMPLAINT FOR DAMAGES**

1   Steffens was fifty two years old, was replaced by a young man in his early thirties and

2   was told by Regus's management that her age was a significant factor in its decision to

3   abruptly terminate her notwithstanding her continued success with the company.

4       78.   The conduct of Defendants in terminating Plaintiff Denise Steffens was

5   obnoxious to the interests of the state and outrageous conduct contrary to public policy,

6   as embodied in the following laws, statutes and regulations, among others: the Labor

7   Code including but not limited to § 1102.5 and § 6310, FEHA § 12940(a), the ADEA,

8   and the California State Constitution.

9       79.   As a direct and proximate result of Defendants' unlawful conduct, Plaintiff

10  Denise Steffens has suffered and will continue to suffer both physical and emotional

11  injuries, including, but not limited to, depression and anxiety. Plaintiff has suffered and

12  continues to suffer loss of earnings and other employment benefits. Plaintiff is thereby

13  entitled to general and compensatory damages in amounts to be proven at trial.

14      80.   The conduct of Defendants, as described herein was malicious, fraudulent,

15  and oppressive and/or done with a wilful and conscious disregard for Plaintiff's rights

16  and for the deleterious consequences of her actions. Consequently, Plaintiffs are entitled

17  to punitive damages against Defendants.

18              **SIXTH CAUSE OF ACTION**

19          **Intentional Infliction of Emotional Distress**

20  **[Plaintiff Denise Steffens Against All Defendants including Does 1-10]**

21      81.   Plaintiff restates and incorporates by reference each and every allegation

22  contained in paragraphs 1-80.

23      82.   The conduct of Defendants, as alleged above, was outrageous and outside

24  the normal scope of the employment relationship. Defendants knew that their conduct

25  would result in Plaintiff's severe emotional distress, and said conduct was perpetrated by

26  Defendants, with the intent to inflict, or with reckless disregard of the probability of

27  inflicting humiliation, mental anguish, and severe emotional distress upon Plaintiff.

28  Such conduct did, in fact, result and continues to result in severe emotional distress

17

**COMPLAINT FOR DAMAGES**

1  caused to Plaintiff.

2      83.    As a direct and proximate result of Defendants' unlawful conduct: Plaintiff

3  has suffered and will continue to suffer physical injuries, pain and suffering, and extreme

4  and severe mental anguish and emotional distress; Plaintiff has incurred and will

5  continue to incur medical insurance expenses for treatment by physicians, and other

6  health professionals, and for other incidental medical expenses; and Plaintiffs has

7  suffered and continues to suffer a loss of earnings and other employment benefits.

8  Plaintiff is thereby entitled to general and compensatory damages in amounts to be

9  proven at trial.

10      84.    The conduct of the Defendants, as described herein, was malicious,

11  fraudulent, and oppressive and/or done with a wilful and conscious disregard for

12  Plaintiff's rights and for the deleterious consequences of their actions.  Consequently,

13  Plaintiff is entitled to punitive damages against the Defendants.

14                              **PRAYER FOR RELIEF**

15      WHEREFORE, Plaintiff requests the following judgment and relief:

16      1.    For compensatory damages including economic losses, lost wages, vacation

17           and retirement benefits, medical bills, physical injuries, mental and

18           emotional distress, and other special and general damages according to

19           proof but in excess of the jurisdictional threshold of this Court

20      2.    For punitive damages on claims against Defendants Regus and Does 1-10;

21      3.    For an award of interest, including pre-judgement interest, an the legal rate

22      4.    For reasonable attorneys' fees pursuant to Government Code § 12965, all

23           applicable provisions of the Labor Code, Code of Civil Procedure section

24           1021.5, and any other appropriate statutes;

25      5.    For all costs incurred herein;

26      6.    Injunctive relief as appropriate;

27      7.    For such other relief as this Court may deem just and equitable

28      ///

**COMPLAINT FOR DAMAGES**

1

## DEMAND FOR JURY TRIAL

2       Plaintiffs hereby demand a jury trial on all issues so triable.

3

4  DATED: August 13, 2008             Respectfully submitted,

5                      HADSELL, STORMER, KEENY,

6                      RICHARDSON & RENICK, LLP

                        LAW OFFICE OF SUSAN L. GUINN

7

8                      By *Dan Stormer* (By: *Naguve Clliahi*)

9                        Dan Stormer

                      Attorneys for Plaintiff

10                    DENISE STEFFENS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

JS 44 (Rev. 12/07)

**CIVIL COVER SHEET**

**ORIGINAL**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

**I. (a) PLAINTIFFS**

Denise Steffens

**DEFENDANTS**

Regus Group, PLC (for additional Defendants please see Attachment A)

2008 AUG 15 AM 9: 51

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___ DEPUTY

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Hadsell, Stormer, Keeny, Richardson & Renick, LLP
128 N. Fair Oaks Ave., Pasadena, CA  91103 (626) 585-9600

Attorneys (If Known)

**'08 CV 1494 LAB BLM**

| **II. BASIS OF JURISDICTION** (Place an "X" in One Box Only) | | **III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only) | | | |
|---|---|---|---|---|---|
| ☐ 1  U.S. Government<br>Plaintiff | ☐ 3  Federal Question<br>(U.S. Government Not a Party) | | PTF  DEF | | PTF  DEF |
| | | Citizen of This State | ☒ 1  ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4  ☐ 4 |
| ☐ 2  U.S. Government<br>Defendant | ☒ 4  Diversity<br>(Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2  ☒ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5  ☒ 5 |
| | | Citizen or Subject of a<br>Foreign Country | ☐ 3  ☐ 3 | Foreign Nation | ☐ 6  ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332(c)(1), 1332(d), 1331, 1367, ADEA

Brief description of cause:
Age discrimination in violation of the Age Discrimination in Employment Act of 1967

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:   JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE   DOCKET NUMBER

DATE
08/13/2008

SIGNATURE OF ATTORNEY OF RECORD
*Dan Stormer (By: Naqua Aliahim)*

**FOR OFFICE USE ONLY**

RECEIPT # 153573   AMOUNT $350.00   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

08/15/08 DB

1

## **Attachment 1**

2

3
Additional Defendants:

4
Regus Management Group, LLC; Regus Equity Business Centers, LLC; Regus Business Center, LLC; HQ Global Workplaces, LLC; The Regus Group, PLC; Sande Golgart; Sharon Edmonson; and, Does 1 - 10

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CAPTIONFederal.wpd

1

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 154073     -- MB

## August 15, 2008
## 09:50:27

### Civ Fil Non-Pris
USAO #.: 08CV1494 CIVIL FILING
Judge..: LARRY A BURNS
Amount.:                    $350.00 CK
Check#.: BC50796

## Total-> $350.00

FROM: DENISE STEFFENS VS
        REGUS GROUP PLC, ET AL