1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  DENISE STEFFENS, | CASE NO. 08cv1494-LAB (BLM) |
| 12                               Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND REQUIRING MORE DEFINITE STATEMENT** |
| 13            vs. | |
| 14  REGUS GROUP, PLC; REGUS MANAGEMENT GROUP, LLC; REGUS EQUITY BUSINESS CENTERS, LLC; REGUS BUSINESS CENTER, LLC; HQ GLOBAL WORKPLACES, LLC; THE REGUS GROUP, PLC; SANDE GOLGART; SHARON EDMONSON; and DOES 1-10, | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19                               Defendants. | |

20

21        This is a wrongful termination case.  Plaintiff Denise Steffens ("Steffens") accuses her

22   former employers Regus Management Group, LLC ("Regus") and HQ Global Workplaces,

23   LLC ("HQ") (collectively "Defendants"), of firing her in retaliation for complaining to her

24   superiors about Regus's allegedly unlawful labor practices.  Regus insists that Steffens was

25   fired for underperforming.

26   **I.      Procedural History**

27        Steffens initiated this action on August 15, 2008, alleging six causes of action.

28   Defendants moved to dismiss on December 10, 2008, challenging all but one of them for

1   failing to state a claim under Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 5.)  In her Opposition Brief,

2   Steffens dropped three causes of action without a fight, leaving the three now at issue: (1)

3   retaliation for whistleblowing in violation of Cal. Lab. Code § 1102.5, (2) age discrimination

4   under the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940(a), and (3)

5   wrongful termination in violation of public policy.[1]  (Dkt. Nos. 8-9.)  The last of these is the

6   one cause of action that Defendants' Motion to Dismiss left alone, which leaves only the

7   §1102.5 & § 12940(a) causes of action for the Court to consider here.

8          Because it is critically relevant to one issue the Court considers below, it is important

9   to add that **before** Steffens initiated this action, she filed an administrative complaint with the

10  Department of Fair Employment and Housing ("DFEH") on September 7, 2007.  (Opp'n to

11  Mot. to Dismiss Ex. 1.)  In that document, Steffens complained of both age and gender

12  discrimination and wrongful retaliation.

13  **II.     Statement of Facts**

14         Steffens began her career with HQ Global Workplaces in 1996.  (Opp'n to Mot. to

15  Dismiss 3.)  Regus acquired HQ in 2003, and most recently Steffens was the general

16  manager of Emerald Plaza Center, an office complex in downtown San Diego, California.

17  (Compl. ¶ 12.)  Steffens was terminated by Regus on July 5, 2007.  (Compl. ¶ 14.)  Regus

18  maintains that Steffens was fired for cause because she "failed to perform adequately in a

19  new position."  (Mot. to Dismiss 1.)  Steffens, on the other hand, believes she was fired

20  because  she spoke out against certain of Regus's labor practices, and also because of her

21  age; Steffens was 52 when Regus terminated her employment.  (Compl. ¶¶ 1, 67-70.)

22  **III.    Analysis**

23          There are only two causes of action at issue for the purposes of this Motion to

24  Dismiss: retaliation for whistleblowing in violation of Cal. Lab. Code § 1102.5 and age

25  discrimination under the FEHA, Cal. Gov't Code § 12940(a).  The Court will address each

26  in turn.

27  _____

28         [1] The three causes of action Steffens dropped are: (1) retaliation for whistleblowing in violation of Cal. Lab. Code § 6310, (2) age discrimination in violation of the Age Discrimination in Employment Act of 1967, and (3) intentional infliction of emotional distress.  (Opp'n to Mot. to Dismiss 1 n.2.)

1

**A.      Count One - Violation of Cal. Lab. Code § 1102.5**

2       Cal. Lab. Code § 1102.5 protects employees who report or merely object to unlawful

3   business practices by making it unlawful to retaliate against them.  There are two distinct

4   questions the Court must consider here.  First, did Steffens exhaust her administrative

5   remedies – a prerequisite to her ability to allege a violation of § 1102.5?  Second, does

6   Steffens state a viable claim under § 1102.5?

7              **1.      Exhaustion of Administrative Remedies**

8       Steffens does not dispute that she had to exhaust her administrative remedies, nor

9   would it be reasonable to.  "[I]n order to bring a claim under section 1102.5 . . . plaintiff must

10  exhaust his administrative remedies."  *Lund v. Leprino Foods Co.*, No. S-06-0431, 2007 U.S.

11  Dist. LEXIS 46705, at *12 (E.D. Cal. June 20, 2007) (citing *Campbell v. Regents of the Univ.*

12  *of Cal.*, 35 Cal. 4th 311, 333 (2005)).  The case law is unanimous on this point.

13      What the parties do dispute is whether Steffens has to exhaust her administrative

14  remedies ***before the Labor Commissior***.  Steffens maintains she does not; it is enough,

15  she argues, to "resort to one of the multiple administrative remedies" that are available and

16  applicable to her claims.  (Opp'n to Mot. to Dismiss 7-8.) Regus argues, initially at least, that

17  she does, citing *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1180 (E.D. Cal. 2005), for

18  the proposition that "a litigant seeking damages under § 1102.5 is required to exhaust

19  administrative remedies before the Labor Commissior prior to bringing suit."  This is a

20  misread on Regus's part, and perhaps also by the *Neveu* court.  *Neveu* held that "[t]he

21  California Supreme Court [in *Campbell*] has recently held that a litigant seeking damages

22  under § 1102.5 is required to exhaust administrative remedies before the Labor

23  Commissioner."  Yet, there is no mention of the Labor Commissioner ***specifically*** anywhere

24  in the text of the *Campbell* decision.  The language that *Neveu* excerpts from *Campbell* in

25  support of the above quotation confirms this: "We conclude that absent a clear indication of

26  legislative intent, we should refrain from inferring a statutory exemption from our settled rule

27  requiring exhaustion of administrative remedies."  *Neveu*, 392 F. Supp. 2d at 1180 (citing

28  *//*

1   *Campbell*, 35 Cal. 4ᵗʰ at 333-34).   It appears that *Neveu* incorrectly read the Labor

2   Commissioner into the exhaustion requirement announced in *Campbell*.

3            Even more to the point, as a later court would observe, "the court in *Neveu* later

4   allowed the plaintiff to amend their complaint to assert that his administrative remedies had

5   been exhausted by filing a government tort claim." *Corrales v. Moreno Valley Unified Sch.*

6   *Dist.*, No. EDCV-08-00040-SGL, 2008 U.S. Dist. LEXIS 79153, at *14 (C.D. Cal. Aug. 29,

7   2008).  This is right.  The *Neveu* decision upon which Regus relies came down on July 15,

8   2005, and the court then ruled on a motion to dismiss the plaintiff's second amended

9   complaint.  On October 8, 2005, the very same judge ruled on a motion to dismiss the

10  plaintiff's third amended complaint. He held: "At the pleading stage, Plaintiff's allegation that

11  there were no adequate internal administrative remedies and that he exhausted the only

12  available administrative remedy (i.e., the filing of a government tort claim), is sufficient to

13  survive a motion to dismiss." *Neveu v. City of Fresno*, No. 04-cv-06490, 2005 WL 2562717,

14  at *6 (E.D. Cal. Oct. 8, 2005).   The real problem with the plaintiff's second amended

15  complaint was that it "did not allege that he exhausted ***any*** administrative remedies as to

16  § 1102.5, including filing a claim with the Labor Commissioner . . . ." *Id.*

17           There is at least one recent case in which a court has held that claims arising under

18  § 1102.5 must be exhausted before the Labor Commissioner, but that was a case in which

19  there was no exhaustion whatsoever alleged.  Moreover, the court's analysis citing *Campbell*

20  was only a single paragraph long and did not address the more technical question before

21  this Court.  *See Warren v. City of Barstow*, No. EDCV 08-405, 2008 U.S. Dist. LEXIS

22  105228, at *3 (C.D. Cal. Dec. 15, 2008) ("Thus, plaintiff must file a complaint with the Labor

23  Commissioner to exhaust his administrative remedies before filing a § 1102.5 claim.").

24  There is ample case law holding the exact opposite, and the Court finds it more persuasive.

25  *See Manser v. Sierra Foothills Pub. Util. Dist.*, No. CV-F-08-1250, 2008 U.S. Dist. LEXIS

26  98189, at *10 (E.D. Cal. Dec. 4, 2008) ("Exhaustion of [§ 6310] administrative remedies do

27  not exclusively lie with the Labor Commissioner."); *Corrales* at *13-14 ("Other district courts

28  have explicitly rejected the proposition put forward by defendant requiring that a litigant must

1  exhaust their remedies before the Labor Commissioner before bringing a Labor Code §

2  1102.5 claim."); *Lund* at \*13-14 ("[A]ny number of avenues may be used to exhaust

3  [administrative remedies] in addition to the filing of a complaint with the Labor

4  Commissioner."); *Paterson v. Dep't of Gen. Serv.'s*, No. 05-cv-827, 2007 U.S. Dist. LEXIS

5  25957, at \*21 n.5 (E.D. Cal. Mar. 8, 2007) ("To the extent that *Neveu* interprets Campbell

6  as requiring that remedies before the Labor Commissioner must necessarily be exhausted

7  as a prerequisite to suit under §1102.5, this Court disagrees.").  Not only do the contrary

8  cases outnumber those cited by Regus in support of its argument that § 1102.5 claims must

9  be exhausted with the Labor Commissioner, they are from the same judicial district as those

10  cases and they post-date them.[2]

11       Regus's Reply Brief concedes all of this implicitly by shifting to the argument that the

12  exhaustion Steffens ***does*** allege pertains to a wholly different claim.  "Plaintiff's DFEH claim

13  does not fulfill her administrative exhaustion requirement [with respect to §1102.5], because

14  the DFEH is not a governmental agency with the authority to provide a remedy for retaliation

15  based on wage and hour complaints." (Reply Br. 4.)  What the DFEH does offer, however,

16  are "administrative remedies for alleged violations of FEHA, i.e., discrimination or

17  harassment based on a protected category."  (*Id.*)  Thus, Regus concludes, "[Steffens] did

18  not, and indeed could not, raise her claim of retaliation for refusal to participate in wage and

19  hour violations in front of the DFEH."  (*Id.*)  That is at least partially untrue.  In Steffens's

20  complaint with the DFEH, she stated she was fired because "[she] ***protested about unfair***

21  ***labor practices*** and because of [her] age and gender."  (Opp'n to Mot. to Dismiss Ex. 1

22  (emphasis added)).  In a section with the heading "THE PARTICULARS ARE" in her DFEH

23  complaint Steffens checked "fired" and "other," where she wrote in "Retaliated against and

24  denied annual pay increase." (*Id.*)  Contrary to Regus's assertions, then, it is apparent to the

25  Court that Steffens ***did*** raise her retaliation claim with the DFEH.

26  //

27  _____

28       [2] In addition to *Neveu*, Regus cites *Fenters v. Yosemite Chevron, et al.*, No. CV-F-05-1630, 2006 U.S. Dist. LEXIS 53450, at \*71 (E.D. Cal. July 14, 2006).  (Mot. to Dismiss 3-4.)

That brings the Court to the ultimate question: For § 1102.5 exhaustion purposes, *could* Steffens raise her retaliation claim in her DFEH complaint for age and gender discrimination?  Steffens believes so, and she cites *Paterson*, which, according to Steffens, "held that an employee's DFEH and FEHA charges were sufficient to satisfy the administrative remedy exhaustion requirement of § 1102.5." (Opp'n to Mot. to Dismiss 7.) That is true, but Regus is correct to respond that, in *Paterson*, "the DFEH claim at issue was based on the *same conduct* alleged in the Labor Code violation." (Reply Br. 5.)  The plaintiff in *Paterson* complained to the DFEH of sex discrimination as well as retaliation for reporting sexual harassment, which explains the court's holding that "Plaintiff did exhaust administrative remedies, with respect to the same conduct that underlies her § 1102.5 claim, by filing claims with the DFEH and EEOC." *Paterson* at *21.  Steffens's two claims – one for age and gender discrimination and another for retaliation for opposing her employer's labor practices – supervene on different sets of facts and are therefore more distinct than the plaintiff's claims in *Paterson.*

Whether this means Steffens has necessarily failed to exhaust her § 1102.5 retaliation claim is  unclear.  On this question the Court confronts conflicting case law.  In *Manser* the plaintiff argued that she satisfied the exhaustion requirement of Cal. Lab. Code § 6310 (an anti-retaliation statute that can be viewed as a companion to §1105.2) by including retaliation in her sexual harassment and discrimination complaint with DFEH. Despite the defendant's argument – similar to Regus's in this case – that the administrative claim was inadequate to address the plaintiff's retaliation claim, the court held that "[s]pecificity in the scope of the administrative claim filed is not relevant at this stage of the proceeding." *Manser* at *12.  It continued: "The allegation that an administrative complaint had been filed and that the complaint included retaliation is sufficient." *Id.  Manser* plainly favors Steffens.  The Court cannot, however, ignore *Hall v. Apartment Inv. & Mgmt. Co.*, No. 08-CV-3447, 2008 U.S. Dist. LEXIS 105698 (N.D. Cal. Dec. 19, 2008).  In *Hall* the plaintiffs attempted to exhaust claims arising under §§ 1102.5 and 98.5 of the Cal. Lab. Code when they filed discrimination and retaliation charges with DFEH.  The court disagreed:

1
2
3
4

> The exhaustion requirement requires the Labor Commissioner to investigate claims of discharge and discrimination in violation of the laws for which the Labor Commissioner has jurisdiction. Complaints filed with the DFEH are not reviewed in the same manner as if they were filed with the Labor Commissioner. Therefore, the Court concludes that Plaintiffs did not satisfy their administrative exhaustion requirement.

5    *Id.* at *11-12. *Hall* plainly favors Regus. The Court cannot find any higher or more recent

6    authority that reconciles the two cases, and the parties' briefs are of little help. Steffens

7    merely relies on *Paterson* and argues it is "on all fours with this matter" – which it isn't – and

8    Regus offers little authority for the claim that "because the bases for Plaintiff's claims are

9    distinct, her administrative remedies must also be distinct." (Reply Br. 6.)

10          The Court finds some guidance in a series of cases that deal with the exhaustion of

11    claims arising under FEHA, Cal. Gov't Code § 12940(a). The general principle at work in

12    these cases is that the scope of a civil complaint alleging a violation of § 12940(a) is limited

13    by the scope of the administrative complaint. *See Rodriguez v. Airborne Express*, 265 F.3d

14    890, 897 (9th Cir. 2001) ("Allegations in the civil complaint that fall outside the scope of the

15    administrative charge are barred for failure to exhaust."). Thus, the court in *Rodriguez*, but

16    for the plaintiff having an equitable excuse, would have prohibited him from alleging disability

17    discrimination in a civil action against a former employer when he only made a charge of

18    race discrimination in his DFEH complaint. *Id.* at 897-98. *See also Okoli v. Lockheed

19    Technical Operations Co.*, 36 Cal. App. 4th 1607, 1617 (Cal. Ct. App. 1995) (DFEH complaint

20    alleging discrimination based on race and national origin did not suffice to exhaust a claim

21    for later retaliation). The "scope" of the administrative charge is defined by what a

22    subsequent investigation may reveal.

23
24
25
26

> When an employee seeks judicial relief for incidents not listed in his original charge to the [EEOC or DFEH], the judicial complaint nevertheless may encompass any discrimination *like or reasonably related to* the allegations of the [EEOC or DFEH] charge, including new acts occurring during the pendency of the charge before the EEOC [or DFEH].

27    *Wilson-Combs v. Cal. Dep't of Consumer Affairs*, 555 F.Supp. 2d 1110, 1115 (E.D. Cal.

28    2008) (quoting *Oubichon v. N. Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973)). *See*

1  *also Okoli* at 1615 ("Essentially, if an investigation of what *was* charged in the EEOC would

2  necessarily uncover other incidents that were not charged, the latter incidents could be

3  included in a subsequent action.").   The court in *Rodriguez* declined to allow a race

4  discrimination charge to exhaust a disability charge because they "involve totally different

5  kinds of allegedly improper conduct, and investigation into one claim would not likely lead

6  to investigation of the other."  *Rodriguez*, 265 F.3d at 897.

7        The Court acknowledges the correspondence between the above cases and the

8  present case is not perfect.  In the above cases, there was an exhaustion problem because

9  certain claims appeared in a civil complaint that did not appear **at all** in the original

10  administrative complaint.  Here, Steffens raised the claim at issue through an administrative

11  channel, only arguably not the proper channel.  In the Court's judgment, that is not as

12  serious a defect as neglecting to raise the claim at all.  Indeed, the gist of cases like

13  *Rodriguez*, *Okoli*, and *Wilson-Combs* is that civil and administrative complaints have to

14  reasonably match.  The causes of action in a civil complaint cannot come out of nowhere.

15  The Court, for this reason, is inclined to side with Steffens on the question whether she

16  properly exhausted her § 1102.5 claim.  As Regus implicitly concedes, Steffens was not

17  manifestly obligated to exhaust her § 1102.5 claim with the Labor Commissioner.  The

18  question is whether the connection between her § 1102.5 claim and her DFEH complaint is

19  tight enough such that the latter exhausts the former.  The Court finds that it is.  The Court

20  acknowledges Regus's argument that retaliation claims under the FEHA and § 1102.5 are

21  different in nature, but disagrees with the conclusion Regus urges.  Both the FEHA and §

22  1102.5 protect employees from being retaliated against when they oppose the unlawful

23  conduct of their employers; the only difference is the underlying, substantive law that

24  motivates the employees' opposition.

25        The benefits of exhaustion cited by Regus, which it argues would be lost by allowing

26  Steffens to exhaust her § 1102.5 claim with her DFEH complaint, are far from (for lack of a

27  better word) exhaustive.  The court in *Paterson* held, for example, that the primary purpose

28  of administrative remedies "is to promote investigation and conciliation between the parties."

*Paterson* at *23.  *See also Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105 (9ᵗʰ Cir. 2008) (citing other case law for benefits of exhaustion, including providing notice to parties charged with violations).  Taking the equities and policy interests into account, the Court finds that Steffens did exhaust her § 1102.5 claim by alleging retaliation for "protesting about unfair labor practices" in her DFEH complaint.

### 2.   Stating a Viable § 1102.5 Claim

_____Steffens may have exhausted her § 1102.5 claim, but she did a poor job pleading it in her Complaint.  As Regus argues, Steffens "alleges generally (and repeatedly) that she complained about Defendants' allegedly illegal practices," but that is not necessarily "whistleblowing," for § 1102.5 purposes.  (Mot. to Dismiss 4.)  Steffens merely says she voiced concerns to her supervisors about Regus's wage and hour practices and "would not cooperate" with those practices.  (Compl. ¶¶ 21, 38, 39, 40, 45, 46.)  For that, she says, she was fired.  Confronted with Regus's objetion that "[c]omplaints to one's private employer are not disclosure of information to a government agency, and are not protected by Section 1102.5," Steffens refines her claim in her Opposition Brief to allege that she was fired by Regus "for *fear* that she might report the suspected illegal activities to an outside government agency."  (Mot. to Dismiss 5; Opp'n to Mot. to Dismiss 11.)  There is no factual support for this, however, in Steffens's Complaint or Opposition Brief.  Regus is right to be critical, and to demand more than a conclusory statement by Steffens that "Defendants engaged in preemptive retaliation and termination against [Steffens] to head off complaints to an outside public agency."  (Opp'n to Mot. to Dismiss 13.)

Cal. Lab. Code § 1102.5 protects employees who report or merely object to unlawful business practices by making it unlawful to retaliate against them.  It has three parts:

> **(a)** An employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.  **(b)** An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or

1
2
3

federal statute, or a violation or noncompliance with a state or federal rule or regulation.  **(c)** An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

4

5   Cal. Lab. Code § 1102.5.  Steffens does not connect her particular factual allegations to any

6   one of the subsections of § 1102.5 in her Complaint.  In her Opposition Brief, however, she

7   appears to rely on § 1102.5(b).  Not only does she quote this subsection, but she says she

8   was retaliated against by Regus "for *fear* that she might report the suspected illegal activities

9   to an outside government agency."  (Opp'n to Mot. to Dismiss 11.)  This focuses Steffens's

10  claim under § 1102.5, and it also responds to Regus's argument that Steffens failed to state

11  a claim under § 1102.5 because she did not allege "in either her Complaint or her Opposition

12  Brief that she complained to a government agency, a prerequisite for asserting a violation

13  of Labor Code § 1102.5."  (Reply Br. 7.)

14        Steffens also appears to rely, at least implicitly, on § 1102.5(c) – even if she does not

15  make the explicit connection.  For example, she says in her Complaint she "would not

16  cooperate with Defendants' illegal practices involving wage and hour violations that were

17  undermining the health and safety of the employees and denying them their rights under the

18  law."  (Compl. ¶ 46.)  Regus does not believe this is sufficient: "The allegation that [Steffens]

19  merely complained to Defendants about her perception that they were in violation of wage

20  and hour laws does not constitute 'refusing to participate' in a violation of law."  (Reply Br.

21  6.)  Regardless, the Court is confused, and Regus most likely is as well.  Steffens labeled

22  her cause of action under § 1102.5 "Retaliation for Whistleblowing."  An employee can

23  "refuse to participate" in an illegal activity, however, with her lips sealed, locked in her office,

24  lines of communication to the outside world severed.  Does Steffens have no intention, then,

25  of relying on subsection (c) to state a claim under § 1102.5 – even though she alleges that

26  she was fired for refusing to cooperate with Regus's allegedly unlawful labor practices?

27        The Court will not dismiss Steffens's § 1102.5 claim here, but it will require her to

28  submit a more definite statement clarifying what provision(s) of § 1102.5 she relies on and

1   what the factual bases are. The Court, like Regus, is not satisfied with this cause of action
2   as it is pled; unlike Regus, the Court does not believe it is appropriate to dismiss the claim
3   at this time.  While the Court will not reconsider its ruling that Steffens did in fact exhaust her
4   § 1102.5 claim, once Steffens submits a more definite statement Regus is entitled to renew
5   its arguments that she has failed to state a claim under § 1102.5.  In particular, the Court
6   does not decide here whether Steffens can rely on *Lujan v. Minagar*, 124 Cal. App. 4th 1040,
7   1046 (Cal. Ct. App. 2005), to advance the proposition that §1102.5 prohibits retaliation by
8   an employer who merely **fears** that an employee will report unlawful activities to a
9   government or law enforcement agency.

10   **B.**      **Count Three - Violation of the Fair Employment and Housing Act, Cal.**
11   **Gov't Code § 12940(a)**

12       The Court does not need to say nearly as much about Steffens's age discrimination
13   claim under FEHA.  Regus moves to dismiss this claim because Steffens did not exhaust
14   her administrative remedies.  Specifically, according to Regus, Steffens "does not allege that
15   she sought relief from the DFEH and obtained the requisite right-to-sue letter within the one
16   year statutory period."  (Mot. to  Dismiss 10.)  In fact, Steffens filed a complaint with DFEH
17   on September 7, 2007, just a couple of months after she was terminated by Regus.  (Opp'n
18   to Mot. to Dismiss Ex. 1.)  Steffens's age discrimination claim under § 12940(a) can
19   therefore go forward.

20   **IV.    Conclusion**

21       The three causes of action that Steffens willingly dropped are dismissed with
22   prejudice: (1) retaliation for whistleblowing in violation of Cal. Lab. Code § 6310, (2) age
23   discrimination in violation of the Age Discrimination in Employment Act of 1967, and (3)
24   intentional infliction of emotional distress.  Steffens is hereby granted leave to file an
25   amended complaint that repeats her age discrimination claim under the Fair Employment
26   and Housing Act as well as her wrongful termination in violation of public policy claim.  Most
27   //
28   //

1   importantly, Steffens's amended complaint must state more definitely her § 1102.5 claim

2   alleging retaliation for whistleblowing.  Steffens's amended complaint is due no later than 14

3   calendar days from the date this order is entered.

4        **IT IS SO ORDERED**.

5   DATED:  April 27, 2009

6

7                     **HONORABLE LARRY ALAN BURNS**
                        United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv1494