1  Dan Stormer, Esq. [S.B. #101967]
   Cindy Pánuco, Esq. [S.B. #266921]
2  HADSELL & STORMER, KEENY,
       RICHARDSON & RENICK LLP
3  128 North Fair Oaks Avenue
   Pasadena, California 91103-3645
4  Telephone:  (626) 585-9600
   Facsimile:  (626) 577-7079
5
   Susan L. Guinn, Esq., [S.B. #159212]
6  LAW OFFICE OF SUSAN L. GUINN
   4660 La Jolla Village Drive, #500
7  San Diego, California 92122
   Telephone:  (619) 275-5796
8  Facsimile: (619) 752-1771
9  Steve Serratore, Esq. [S.B. #144252]
   SERRATORE LAW, PC
10 128 North Fair Oaks Avenue
   Pasadena, California  91103
11 Telephone:  (626) 577-4900
   Facsimile:  (626) 577-4911
12
   Attorneys for Plaintiff DENISE STEFFENS
13

14
15              UNITED STATES DISTRICT COURT
16            SOUTHERN DISTRICT OF CALIFORNIA
17
   _____
18 DENISE STEFFENS,                    )   Case No.: 3:08-cv-01494-LAB-WVG
                                       )
19        Plaintiff,                   )   [Assigned to the Honorable Larry Alan
                                       )   Burns - Room #9]
20        v.                           )
                                       )
21 REGUS GROUP PLC; REGUS              )   PLAINTIFF'S OPPOSITION TO
   MANAGEMENT GROUP, LLC;              )   DEFENDANT'S BILL OF COSTS
22 REGUS EQUITY BUSINESS               )   AGAINST PLAINTIFF
   CENTERS, L.L.C; REGUS BUSINESS      )
23 CENTER LLC; HQ GLOBAL               )   Date: March 23, 2011
   WORKPLACES LLC THE REGUS            )   Time: 10:00 a.m.
24 GROUP PLC; SANDE GOLGART;           )   Dept. 800
   SHARON EDMONSON; and, DOES 1-       )   Complaint Filed:   August 15, 2008
25 10                                  )
                                       )
26        Defendants.                  )
                                       )
27 _____     )

28

# INTRODUCTION

This Court has the discretion to deny costs to defendants based on a finding that it would be inequitable to award costs because an award of costs would render the Plaintiff indigent, and that this was an important civil rights case that raised issues of significant public importance. Courts have relied on various factors to deny costs, including: (1) the limited resources of a party which has not prevailed; (2) the great financial disparity between the parties; (3) that the case presents a matter of public importance and that imposing costs would "chill" future litigation on important matters; (4) that the case was vigorously litigated; (5) that the losing party's case had some merit; and (6) that the defendants inflated costs in impermissible ways. Further, this Court also has the discretion to stay proceedings regarding the taxing of costs, or the enforcement of an award of costs, where an appeal is pending.

In this case, the Plaintiff Denise Steffens sought remedies for violations of public policies and civil rights from the world's largest provider of workplace solutions and executive suites, with over 1,100 business centers across 500 cities in 82 countries. This case implicates policies of significant public importance, and has been vigorously litigated. Ms. Steffens' claims, while dismissed on summary judgment by the district court, are being appealed to the Ninth Circuit. The cost award sought here is just under half of what Ms. Steffen's current annual earnings are before taxes. Since the court need not rely on all of the factors listed above, and since some, if not all, of them strongly favor Plaintiff, the Court should deny costs to Defendants Regus and HQ Global Solutions.

# Procedural History

On April 12, 2010 defendants filed a Motion for Summary Judgment or in the Alternative Summary Adjudication. On June 7, 2010 Plaintiff filed her Opposition to Defendants' Motion for Summary Judgment or in the Alternative Summary Adjudication. On June 14, 2010 defendants filed their Reply to Plaintiff's Opposition to Summary Judgment or in the Alternative Summary Adjudication. On June 15, 2010 this

1  Court took defendants' motion under submission.  Eight months later, on February 16,
2  2011, this Court entered an Order granting defendants' motion.  On March 3, 2011
3  defendants filed a request that the clerk tax costs against Plaintiff in the amount of
4  $15,589.44, as set forth in a Bill of Costs and supporting documentation.  *See* Dkt#56.
5  Plaintiff's counsel met and conferred with counsel for defendants in an attempt to get an
6  agreement from defendants to stay proceedings regarding the Bill of Costs pending the
7  disposition of the appeal to the Ninth Circuit filed by Plaintiff.  (Declaration of Cindy
8  Pánuco hereafter "Pánuco Decl." ¶¶2-5.)  Defendants did not agree to stay proceedings
9  regarding the instant Bill of Costs.  (Pánuco Decl. ¶¶2-5.)  Plaintiff accordingly submits
10 this brief in opposition to defendants request to tax costs.

11 **ARGUMENT**

12 **I.     The Court Should Not Impose Costs Against Plaintiff**

13         Federal Rule of Civil Procedure 54(d) "creates a presumption in favor of awarding
14 costs to prevailing parties."  *Stanley v. University of Southern California*, 178 F.3d 1069,
15 1079 (9th Cir. 1999).  However, the Ninth Circuit has long recognized that district courts
16 may deny costs to the prevailing party for a variety of reasons, so long as the district
17 court states those reasons.  *Association of Mexican-American Educators v. California*,
18 231 F.3d 572, 592 (9th Cir. 2000).  "Our requirement that a district court give reasons for
19 denying costs is, in essence, a requirement that the court explain why a case is not
20 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to
21 award costs."  *Id.* at 593.  (rejecting argument that prevailing party's misconduct is the
22 only basis for denying costs).

23         Here, the case of *Steffens v. Regus et al.*, was one of significant public importance.
24 Plaintiff was retaliated against for complaining about and opposing defendants' unlawful
25 employment practices and policies denying employees meal breaks, rest breaks, and
26 overtime pay.  Similarly, the 'inequity' of awarding costs to defendants here is plain,
27 chiefly because of the great disparity in financial resources between Ms. Steffens and
28 Regus, one of the world's largest multinational corporations.

1    For purposes of this Opposition, the court has great discretion to deny costs to

2    defendants.  The court may rely on one factor, such as the financial disparity between the

3    parties, or may rely on a number of factors.  In *Stanley*, the court based its denial of costs

4    to the prevailing party on just two factors: the limited financial resources of the plaintiff,

5    and the prospect that the amount of costs in that case  – $46,710.97 – would "chill"

6    future civil rights litigation. *Stanley v. University of S. California*, 178 F.3d 1069, 1079

7    (9th Cir. 1999).  The court in *Stanley* explicitly found that "[Plaintiff's] argument that

8    payment of the costs would render her indigent is compelling." *Id.*  In *Mexican*

9    *American*, the court denied costs for four reasons: (1) the case involved issues of

10   "substantial public importance," such as educational quality and interracial disparities in

11   economic opportunity; (2) there was "great economic disparity between plaintiffs, who

12   are individuals and small nonprofit educational organizations, and the [defendant] State

13   of California;" (3) the issues in the case were "close and difficult"; and (4) the plaintiff's

14   case had "some merit."  231 F.3d at 592 (internal quotations omitted).  In *Jack Russell*

15   *Terrier Network v. Am. Kennel Club Inc.,* 407 F.3d 1027, 1038 (9th Cir. 2005) the Ninth

16   Circuit affirmed the denial of costs in a non-civil rights case based solely on one factor:

17   the Plaintiff's lacked financial resources and the defendant made a "substantial profit."

18   Thus, the Court may choose from many factors in determining whether to award costs.

19   Under any of the factors approved by the Ninth Circuit in the foregoing cases, the Court

20   should deny costs to Regus.

21   **A.    Plaintiff Would be Rendered Indigent by an Award of Costs in the**

22   **Amount of $15, 589.44.**

23   The Plaintiff in this action has extremely limited financial resources as a result of

24   her unlawful termination by Regus.  Ms. Steffens' income while at Regus was about

25   $80,000 plus commissions.  (Declaration of Denise Steffens hereafter "Steffens Decl."

26   ¶3.)  While Ms. Steffens has been able to find employment, her annual salary is only

27   $37,800 and has been so since February 2010.  (Steffens Decl. ¶3.)  Her termination from

28   Regus has caused her signification financial difficulties:  she has had to accumulate

1   significant credit card debt;  has been unable to meet the most basic of her financial

2   obligations;  her home is in danger of being foreclosed upon; and her homeowners

3   association has threatened to commence collections proceedings against her for fees she

4   has been unable to pay due to her reduced income.  (Steffens Decl. ¶4.) She is also

5   unfortunately on the verge of being driven to declare bankruptcy.  (Steffens Decl. ¶4.)

6   Further, Ms. Steffens also now has to pay $460 every month out of pocket for health

7   insurance, a benefit she lost when she was terminated by Regus and which her current

8   employer does not provide.  (Steffens Decl.,  ¶4.)

9          An award of costs in an amount that is nearly half of her current annual income

10  before taxes will cause serious financial hardship.  In *Stanley* the Ninth Circuit held that

11  the District Court abused its discretion in assessing $46,710.97 against a woman who

12  had made over $60,000 per year before the dispute started.  *Stanley* 1073 and 1081.  *Cf.*

13  also *Washburn v. Fagan*, 2008 U.S. Dist. LEXIS 13049 (N.D. Cal. 2008) (denying

14  $16,269.71 in costs to prevailing party in civil rights case); *Grimes v. UPS*, 2008 U.S.

15  Dist. LEXIS 13049 (N.D. Cal. 2008) (denying $52,470.42 in costs to prevailing party in

16  a civil rights case).

17      **B.**     **There is Extreme Disparity Between the Financial Resources of the**

18              **Parties**

19         Second, there is tremendous financial disparity between Plaintiff, whose annual

20  income is $37,800 and Regus, a multinational corporation that provides executive suites,

21  boasts of gross profits in the amount of £235.6m in its 2009 Annual Report.  The

22  financial disparity clearly weighs in favor of denying costs to Regus.  *Cf. Schaulis v.*

23  *CTB/McGraw-Hill, Inc.*, 496 F. Supp. 666, 680 (N.D. Cal. 1980) (denying costs to

24  prevailing defendant in civil rights case where plaintiff was an individual litigant and

25  "defendant is a large corporation").

26      **C.**     **This Case Presents Issues of Significant Public Importance**

27         Third, this case presents matters of great public importance and imposing costs

28  against Plaintiff would likely have a chilling effect on future civil rights and

1   whistleblowing litigants.  The Ninth Circuit has recognized the importance of

2   encouraging plaintiffs to "test the boundaries of our laws."  *Stanley*, 178 F.3d at 1080.

3   Litigation can encourage positive social reforms such as forcing institutions like public

4   schools to recognize the equality of people of different races.  *Id.*  Similarly, this case

5   presents questions that undoubtedly test "the boundaries of our laws," and it seeks to

6   encourage positive reforms and create accountability in the employment practices of

7   multinational employers operating in the U.S. and abroad.

8       Multinational corporations such as Regus, regularly do business in the United

9   States where workers have rights to be free of civil rights violations, wage and hour law

10  violations, and retaliation for complaining about either or both.  While Ms. Steffens'

11  claims have at this point been dismissed on summary judgment, if this Court awards

12  $15,589.44 in costs against Plaintiff, it would chill future civil rights litigants and those

13  who are retaliated against for complaining of and opposing unlawful employment

14  practices.

15      The importance of the questions raised by this case is underscored by the nature of

16  Ms. Steffens' claims:  (1) wrongful termination in violation of public policy,

17  (2)retaliation in violation of California Labor Code Section 1102.5 and (3) age

18  discrimination in violation of California's Fair Employment and Housing Act §12940

19  (a).  Given the clear public importance of the questions raised by this lawsuit, the Court

20  should not impose costs because to do so would chill future whistlebowers and civil

21  rights litigants from raising these and similar questions in the future.

22      **D.    Plaintiff's Claims Have Merit**

23      Finally, plaintiff's claims while dismissed on summary judgment, have merit.  In

24  *Stanley*, the Ninth Circuit denied costs even when the claims were lost on summary

25  judgment.  After complaining of and opposing wage and hour violations by defendants,

26  Ms. Steffens was terminated.  Here, even while granting summary judgment, this Court

27  found, "sufficient evidence that Steffens told [Regus management] during their October

28  2006 meeting that she believed Regus's policy of not proving meal and rest breaks to

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
BILL OF COSTS AGAINST PLAINTIFF

1   hourly employees was unlawful." *Steffens v. Regus Group, PLC*, 2011 U.S. Dist. LEXIS

2   15848, *32-33 (S.D. Cal. Feb. 16, 2011).  While this Court ultimately dismissed

3   Plaintiff's claims on summary judgment, Plaintiff has appealed that dismissal to the

4   Ninth Circuit.  *See* Dkt#58.

5           **E.    Costs Should Be Denied in Their Entirety**

6   In sum, the Court should deny defendants costs based on any of the foregoing grounds.

7   Ms. Steffens is an individual on the brink of filing bankruptcy, having her home

8   foreclosed on, and there is no question that there is tremendous financial disparity

9   between her and Regus – a multinational corporation based outside of the U.S.  Ms.

10  Steffens would likely be rendered indigent if costs in the amount of $15,589.44 are

11  awarded to defendants as that amount constitutes nearly half of her annual income before

12  taxes.  Additionally, the case raised significant issues of public importance, and

13  imposing costs against plaintiff would chill future whistleblower, discrimination, and

14  other civil rights violation claims.  Finally, Ms. Steffens' claims, while unsuccessful at

15  the summary judgment phase, have some merit and are on appeal to the Ninth Circuit

16  Court of Appeals.  Any of these reasons support denial of a cost award to defendants.

17  **II.    Even if Costs are Deemed Appropriate, Defendants are Not Entitled to the**

18          **Full Amount as Set Forth in its Bill of Costs.**

19          Trial courts may properly reduce awardable costs when "the prevailing party's

20  taxable costs are unnecessary or unreasonably large."  *White & White Inc. v. American*

21  *Hosp. Supply Corp.* 786 F.2d 728, 730 (6th Cir. 1986); *see also Jansen v. Packaging*

22  *Corp. of America* 898 F.Supp. 625, 629 (costs award reduced by 20% where prevailing

23  party's request represented material overreaching.)  Here, defendants have improperly

24  included in their bill of costs, items to which they are not statutorily entitled to, or which

25  are completely unrelated to the litigation of this matter.

26          **A.    Defendants Improperly Seek Witness Fees**

27          Defendants have listed $690 in "fees for witnesses" and list costs for the

28  'attendance' of Jan Duffy at $40 and Dr. David T. Fractor at $650.  As an initial matter,

1   Ms. Duffy was never deposed, and never appeared for any testimony.  Absent a contract

2   or explicit statute to the contrary, costs for expert witnesses (other than court appointed

3   experts) are taxable only to the extent allowed for other fact witnesses which is $40 per

4   day of attendance.  *See* 28 USC Section 1821(b) ("A witness shall be paid an attendance

5   fee of $40 per day <u>for each day's attendance</u>.")(emphasis added); *see also* CivLR

6   54.1(b)(4)(1) ("Such fees are taxable even though the witness does not take the stand,

7   <u>provided the witness necessarily attends the court</u>") (emphasis added).  Ms. Duffy never

8   appeared for any proceeding in this case, and defendants are not entitled to

9   reimbursement of this cost.  Similarly, while Dr. Fractor did appear for a half day of

10  deposition, the witness fees which should have been paid, and which defendants are

11  entitled to are only $40.  *See* 28 USC Section 1821; *see also Crawford Fitting Co. v. J.T.*

12  *Gibbons, Inc*. 482 US 437, 442 (1987); *Sea Coast Foods Inc. v. Lu-Mar Lobster &*

13  *Shrimp Inc*. 260 F3d 1054, 1061 (9th Cir. 2001).

14          Accordingly any award of costs should be reduced in the amount of $650.

15          **B.    <u>Defendants Improperly Seek Costs for the Deposition of Mark Szto, a</u>**

16          **<u>Person Unknown to Plaintiff as Ever Having Been Deposed in this Case</u>**

17          Defendants have also listed $505.40 for the Deposition of Mark Szto.  To the

18  knowledge of the undersigned counsel, no person by the name of Mark Szto was ever

19  deposed by either party in this case.   Defendants are not entitled to tax $505.40 for Mark

20  Szto's deposition as such costs were not incurred in connection to this litigation.

21          Accordingly, any award of costs should be reduced in the amount of $505.40.

22  **III.   <u>Even If Costs Are Deemed Appropriate, This Court Should Stay Any</u>**

23          **<u>Proceedings Related to the Enforcement of an Award of Costs.</u>**

24          Federal Rule of Civil Procedure 62(d) provides that if an appeal is taken, Plaintiff

25  may obtain a stay by supersedeas bond.  "The purpose of a supersedeas bond is to

26  preserve the status quo while protecting the non-appealing party's rights pending appeal.

27  *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189,

28  1190-1191 (5th Cir. 1979).  However, a court has discretion not to require payment of a

1  supersedeas bond,  "If the judgment debtor's present financial condition is such that the

2  posting of a full bond would impose an undue financial burden, the court . . . . is free to

3  exercise a discretion to fashion some other arrangement for substitute security through

4  an appropriate restraint on the judgment debtor's financial dealings, which would furnish

5  equal protection to the judgment creditor." *In re Wymer*, 5 B.R. 802, 806 (B.A.P. 9th

6  Cir. 1980) citing *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*,

7  600 F.2d 1189 (5th Cir. 1979).

8       Here, Ms. Steffens is entitled to a stay of proceedings to enforce any judgment or

9  award of costs under Federal Rule of Civil Procedure 62(d).  Additionally, given Ms.

10 Steffens' extremely difficult financial condition as detailed in her declaration, merits this

11 Courts' exercise of discretion to stay any proceedings to enforce the award of costs to

12 defendants while the disposition of Ms. Steffens' appeal is pending in the Ninth Circuit.

13                              **CONCLUSION**

14       For the foregoing reasons, plaintiff respectfully requests that the Court enter an

15 order denying costs to defendants Regus and HQ Global Solutions.

16

17 DATED: March 18, 2011              Respectfully submitted,

18                                    HADSELL & STORMER, KEENY,
                                        RICHARDSON & RENICK LLP
19
                                    LAW OFFICE OF SUSAN L. GUINN
20
                                    SERRATORE LAW, PC
21

22                                  By  /s/ - Cindy Pánuco

23                                      Cindy Pánuco
                                    Attorneys for Plaintiff
24                                  DENISE STEFFENS

25

26

27

28

Pánuco Declaration

# DECLARATION OF CINDY PÁNUCO

I, Cindy Pánuco, hereby declare:

     1.    I am an attorney duly licensed to practice in the State of California and in the United States District Court for the Southern District.  I am an attorney of record for Plaintiff Denise Steffens.  The following information is based upon my personal knowledge and/or my review of files maintained by my office.  If called upon as a witness, I would and could testify to the truth and accuracy of the following information:

     2.    I, as well as my firm, represent Denise Steffens in her action against Regus Management Group and HQ Global Solutions.  On Friday March 4, 2011 I left a voice mail for counsel for Regus Dave Carothers asking that he call me back to discuss a stipulation to stay any proceedings related to an award of costs pending the disposition of the Ninth Circuit appeal.  Mr. Carothers did not return my phone call.

     4.    On Monday March 7, 2011 I spoke with Mr. Carothers' assistant who informed me that Mr. Carothers was out of the office due to a family emergency, but I again left a message with his assistant asking Mr. Carothers to call me to discuss a stipulation to stay proceedings on the bill of costs pending the disposition of Ms. Steffens' appeal to the Ninth Circuit.  Mr. Carothers did not return my phone call.

     5.    On March 8, 2011, I wrote an email to Ms. Nancy Berner, also counsel for Regus and requested a response to our proposal that we stipulate to stay proceedings related to the bill of costs.  On March 8, 2011 Mr. Carothers emailed back indicating that his client "was not open" to our proposal.  Attached hereto as Exhibit 1 to this Declaration, is a true and correct copy of an email chain dated March 10, 2011 reflecting the discussions about the stipulation.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Signed this 18th day of March 2011, in Pasadena, California.

                s/ Cindy Pánuco              
                  Cindy Pánuco

Pánuco Decl.

Exh.1

**Cindy Panuco**

| | |
|---|---|
| **From:** | Cindy Panuco |
| **Sent:** | Thursday, March 10, 2011 9:45 AM |
| **To:** | 'Dave Carothers' |
| **Cc:** | nberner@cdflaborlaw.com; Dan Stormer; steve@serratorelaw.com; sguin1@san.rr.com |
| **Subject:** | RE: Steffens v. Regus et al |

Dave,

Again, my condolences about your dad – thanks for getting back to us.

Our client is not open to your proposal.

Thanks,
Cindy

**From:** Dave Carothers [mailto:dcarothers@cdflaborlaw.com]
**Sent:** Tuesday, March 08, 2011 4:21 PM
**To:** Cindy Panuco
**Cc:** nberner@cdflaborlaw.com; dcarothers@cdflaborlaw.com; Dan Stormer; steve@serratorelaw.com; sguin1@san.rr.com
**Subject:** Re: Steffens v. Regus et al

Cindy,

Sorry to be so late with a reply but my dad just recently passed. My client is not open to your proposal. However, we might want to discuss a waiver of costs if Plaintiff dismisses her appeal. Let me know if there is any interest in this and I will discuss with my clients.

Regards,

Dave

On Mar 8, 2011, at 2:43 PM, "Cindy Panuco" <cpanuco@hskrr.com> wrote:

> Hi Nancy,
>
>
> I have tried to reach Dave, but I understand he has had a recent family related emergency which has made him unavailable. I'm sorry to hear that.
>
>
> But I do need to speak with you or someone from your firm regarding the Bill of Costs which has been filed. We are appealing Judge Burns' Order. Can you please call me so that we can discuss whether you are amenable to a stipulation to stay any proceedings related to the Bill of Costs pending the disposition of the Appeal?

1

Thanks,

Cindy

626-585-9600

**CONFIDENTIALITY NOTE:**  This e-mail, and any attachment to it, contains privileged and/or confidential information intended only for the use of the intended recipient of this e-mail.  If the reader of this e-mail is not the intended recipient, you are hereby notified that reading, using, or disseminating this e-mail, or any attachment to it, is strictly prohibited.  If you have received this e-mail in error, please immediately notify the sender by return e-mail and then delete the original and any copies of this e-mail, and any attachments to it, from your system.  Thank you.

# Steffens Declaration

## DECLARATION OF DENISE STEFFENS

I, Denise Steffens hereby declare and say:

1.     I am a plaintiff in this action. I am over 18 years of age. I am writing this Declaration in support of my opposition to defendants' request to tax costs. The information contained herein is based on my personal knowledge. If called upon, I could testify in a court of law to the accuracy of the matters set forth in this declaration.

2.     I am currently employed by IPMG, Inc. in San Diego, CA.

3.     I have extremely limited financial resources as a result of my unlawful termination by Regus. My income while at Regus was about $80,000 plus commissions. While I have been able to find employment, my annual salary before taxes, is only $37,800 and has been so since February 2010. While at Regus, I had full benefits including health insurance and a retirement plan. In my current employment, I do not have either.

4.     My termination from Regus has caused me significant financial difficulties. I have been unable to meet the most basic of my financial obligations due to my reduced income, have accumulated significant credit card debt, and am doing what I can to avoid declaring bankruptcy. For the last year, I have not been able to pay $30,000 in mortgage payments to my lender Bank of America, and have been informed that if this amount is not received by March 30, 2011 the bank will proceed with foreclosure on my home. In addition I owe my homeowners association about $7,000 to $8000 in homeowners association fees. The association is threatening to either get a judgment against me for this amount, or foreclose on my home. I also am now paying about $460 every month out of pocket, for health insurance.

5.     If an award of costs in the amount of $15,589.44 is granted to defendants Regus and HQ Global Solutions, I would be not be able to pay that amount, given my current financial obligations and significantly reduced income.

6.     Attached to this declaration as Exhibit 1, is a true and correct copy of my tax returns and W-2 forms from 2010. While my 2010 W-2 forms indicate that my income

-1-

for 2010 was $40,774, my salary is only $37,800 and I was given a one-time bonus which is not guaranteed for this year.

7.     Attached to this declaration as Exhibit 2, are true and correct copies of my pay stubs from December 2010 and January 2011 which indicate my current salary.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed at _San Diego_____, California this _18th_ day of March, 2011.

_Denise Steffens_
Denise Steffens

Steffens Declaration

Exh. 1

| Form **1040** | Department of the Treasury—Internal Revenue Service **U.S. Individual Income Tax Return** **2010** (99) | IRS Use Only—Do not write or staple in this space. |
|---|---|---|

For the year Jan. 1–Dec. 31, 2010, or other tax year beginning _____, 2010, ending _____ , 20 ___   OMB No. 1545-0074

**Name, Address, and SSN**

PRINT CLEARLY

Your first name and initial: **DENISE**   Last name: **STEFFENS**

Your social security number: **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**

If a joint return, spouse's first name and initial   Last name

Spouse's social security number

See separate instructions.

Home address (number and street). If you have a P.O. box, see instructions.   **4516 COLLWOOD LANE**   Apt. no.

▲ Make sure the SSN(s) above and on line 6c are correct.

City, town or post office, state, and ZIP code. If you have a foreign address, see instructions.   **SAN DIEGO      CA 92115**

**Presidential Election Campaign** ▶ Check here if you, or your spouse if filing jointly, want $3 to go to this fund ▶   ☐ You   ☐ Spouse

Checking a box below will not change your tax or refund.

**Filing Status**

Check only one box.

- 1 ☒ Single
- 2 ☐ Married filing jointly (even if only one had income)
- 3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ▶
- 4 ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
- 5 ☐ Qualifying widow(er) with dependent child

**Exemptions**

- 6a ☒ **Yourself.** If someone can claim you as a dependent, **do not** check box 6a
- b ☐ Spouse

c Dependents:

| (1) First name   Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qualifying child for child tax cr. (see page 15) |
|---|---|---|---|
| | | | |

If more than four dependents, see instructions and check here ▶ ☐

Boxes checked on 6a and 6b: 1
No. of children on 6c who:
• lived with you
• did not live with you due to divorce or separation (see instructions)
Dependents on 6c not entered above

d Total number of exemptions claimed

Add numbers on lines above ▶ 1

**Income**

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see page 20.

**ROLLOVER**

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 40,774 |
|---|---|---|---|
| 8a | Taxable interest. Attach Schedule B if required | 8a | |
| b | Tax-exempt interest. **Do not** include on line 8a | 8b | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a | |
| b | Qualified dividends | 9b | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes | 10 | 1,595 |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | |
| 15a | IRA distributions   15a | b Taxable amount | 15b | |
| 16a | Pensions and annuities   16a   54,883 | b Taxable amount | 16b | 0 |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation | 19 | |
| 20a | Social security benefits   20a | b Taxable amount | 20b | |
| 21 | Other income. List type and amount   **DANMOR INVESTMENT** | 21 | 1,500 |
| 22 | Combine the amounts in the far right column for lines 7 through 21. This is your **total income** ▶ | 22 | 43,869 |

**Adjusted Gross Income**

| 23 | Educator expenses | 23 | |
|---|---|---|---|
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | |
| 25 | Health savings account deduction. Attach Form 8889 | 25 | |
| 26 | Moving expenses. Attach Form 3903 | 26 | |
| 27 | One-half of self-employment tax. Attach Schedule SE | 27 | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 | |
| 29 | Self-employed health insurance deduction | 29 | |
| 30 | Penalty on early withdrawal of savings | 30 | |
| 31a | Alimony paid   b Recipient's SSN ▶ | 31a | |
| 32 | IRA deduction | 32 | |
| 33 | Student loan interest deduction | 33 | |
| 34 | Tuition and fees. Attach Form 8917 | 34 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | |
| 36 | Add lines 23 through 31a and 32 through 35 | 36 | |
| 37 | Subtract line 36 from line 22. This is your **adjusted gross income** ▶ | 37 | 43,869 |

Form 1040 (2010) **DENISE STEFFENS**        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   Page

| | | | | |
|---|---|---|---|---|
| **Tax and Credits** | 38 | Amount from line 37 (adjusted gross income) | 38 | 43,86 |
| | 39a | Check { You were born before January 2, 1946, ☐ Blind. } Total boxes | | |
| | | If: { Spouse was born before January 2, 1946, ☐ Blind. } checked ▶ 39a | | |
| | b | If your spouse itemizes on a separate return or you were a dual-status alien, check here ▶ 39b ☐ | | |
| | 40 | **Itemized deductions** (from Schedule A) **or your standard deduction** (see instructions) | 40 | 10,93 |
| | 41 | Subtract line 40 from line 38 | 41 | 32,93 |
| | 42 | **Exemptions.** Multiply $3,650 by the number on line 6d | 42 | 3,65 |
| | 43 | **Taxable income.** Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | 43 | 29,28 |
| | 44 | Tax (see instr.). Check if any tax is from:  a ☐ Form(s) 8814  b ☐ Form 4972 | 44 | 3,97 |
| | 45 | **Alternative minimum tax** (see instructions). Attach Form 6251 | 45 | |
| | 46 | Add lines 44 and 45 ▶ | 46 | 3,97 |
| | 47 | Foreign tax credit. Attach Form 1116 if required | 47 | | |
| | 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | | |
| | 49 | Education credits from Form 8863, line 23 | 49 | | |
| | 50 | Retirement savings contributions credit. Attach Form 8880 | 50 | | |
| | 51 | Child tax credit (see instructions) | 51 | | |
| | 52 | Residential energy credits. Attach Form 5695 | 52 | | |
| | 53 | Other credits from Form: a ☐ 3800  b ☐ 8801  c ☐ | 53 | | |
| | 54 | Add lines 47 through 53. These are your **total credits** | 54 | |
| | 55 | Subtract line 54 from line 46. If line 54 is more than line 46, enter -0- ▶ | 55 | 3,97 |
| **Other Taxes** | 56 | Self-employment tax. Attach Schedule SE | 56 | |
| | 57 | Unreported social security and Medicare tax from Form: a ☐ 4137  b ☐ 8919 | 57 | |
| | 58 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required | 58 | |
| | 59 | a ☐ Form(s) W-2, box 9  b ☐ Schedule H  c ☐ Form 5405, line 16 | 59 | |
| | 60 | Add lines 55 through 59. This is your **total tax** ▶ | 60 | 3,97 |
| **Payments** | 61 | Federal income tax withheld from Forms W-2 and 1099 | 61 | 3,825 | |
| | 62 | 2010 estimated tax payments and amount applied from 2009 return | 62 | | |
| | 63 | Making work pay credit. Attach Schedule M | 63 | 400 | |
| If you have a qualifying child, attach Schedule EIC. | 64a | Earned income credit (EIC) | 64a | | |
| | b | Nontaxable combat pay election | 64b | | |
| | 65 | Additional child tax credit. Attach Form 8812 | 65 | | |
| | 66 | American opportunity credit from Form 8863, line 14 | 66 | | |
| | 67 | First-time homebuyer credit from Form 5405, line 10 | 67 | | |
| | 68 | Amount paid with request for extension to file | 68 | | |
| | 69 | Excess social security and tier 1 RRTA tax withheld | 69 | | |
| | 70 | Credit for federal tax on fuels. Attach Form 4136 | 70 | | |
| | 71 | Credits from Form: a ☐ 2439  b ☐ 8839  c ☐ 8885 | 71 | | |
| | 72 | Add lines 61, 62, 63, 64a, and 65 through 71. These are your **total payments** ▶ | 72 | 4,225 |
| **Refund** | 73 | If line 72 is more than line 60, subtract line 60 from line 72. This is the amount you **overpaid** | 73 | 252 |
| | 74a | Amount of line 73 you want **refunded to you.** If Form 8888 is attached, check here ▶ ☐ | 74a | 252 |
| Direct deposit? See Instructions. | b | Routing number    ▶ c Type: ☐ Checking ☐ Savings | | |
| | d | Account number | | |
| | 75 | Amount of line 73 you want **applied to your 2011 estimated tax** ▶ | 75 | |
| **Amount You Owe** | 76 | **Amount you owe.** Subtract line 72 from line 60. For details on how to pay, see instructions ▶ | 76 | |
| | 77 | Estimated tax penalty (see instructions) | 77 | |

**Third Party Designee**

Do you want to allow another person to discuss this return with the IRS (see instructions)? ☒ **Yes.** Complete below. ☐ No

Designee's name ▶ JOHN M LANGE    Phone no. ▶ 903-839-0038    Personal identification number (PIN) ▶ 16289

**Sign Here**

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Joint return? See page 12. Keep a copy for your records.

Your signature: *Denise Steffens*   Date 2/7/11   Your occupation   Daytime phone number

Spouse's signature. If a joint return, **both** must sign.   Date   Spouse's occupation

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check ☒ if self-employed | PTIN |
|---|---|---|---|---|
| MARY J. LANGE | | | | P01084503 |

Firm's name ▶ LANGES TAX SERVICE    Firm's EIN ▶

Firm's address ▶ 17846 DEER TRAIL    Phone no.

FLINT    TX 75762    903-839-0038

Form **1040** (2010

DAA

1620945144 02/28/2011 P

| SCHEDULE A | Itemized Deductions | OMB No. 1545-0074 |
|---|---|---|

**(Form 1040)**

Department of the Treasury
Internal Revenue Service   (99)

▶ Attach to Form 1040.     ▶ See Instructions for Schedule A (Form 1040).

**2010**

Attachment
Sequence No. **07**

Name(s) shown on Form 1040
**DENISE STEFFENS**

Your social security number
**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**

| | | | | | |
|---|---|---|---|---|---|
| **Medical and Dental Expenses** | | Caution. Do not include expenses reimbursed or paid by others. | | | |
| | 1 | Medical and dental expenses (see instructions) | 1 | 6,589 | |
| | 2 | Enter amount from Form 1040, line 38 |2| 43,869 | | | |
| | 3 | Multiply line 2 by 7.5% (.075) | 3 | 3,290 | |
| | 4 | Subtract line 3 from line 1. If line 3 is more than line 1, enter -0- | | 4 | 3,29 |
| **Taxes You Paid** | 5 | State and local (check only one box): | | | |
| | | a  ☒  Income taxes, or | 5 | 1,808 | |
| | | b  ☐  General sales taxes | | | |
| | 6 | Real estate taxes (see Instructions) | 6 | 3,229 | |
| | 7 | New motor vehicle taxes from line 11 of the worksheet on back (for certain vehicles purchased in 2009). Skip this line if you checked box 5b | 7 | | |
| | 8 | Other taxes. List type and amount ▶ VEHICLE LICENSE FEES | 8 | 263 | |
| | 9 | Add lines 5 through 8 | | 9 | 5,300 |
| **Interest You Paid** | 10 | Home mortgage interest and points reported to you on Form 1098 | 10 | 1,816 | |
| | 11 | Home mortgage interest not reported to you on Form 1098. If paid to the person from whom you bought the home, see Instructions and show that person's name, identifying no., and address ▶ | | | |
| **Note.** Your mortgage Interest deduction may be limited (see Instructions). | | | 11 | | |
| | 12 | Points not reported to you on Form 1098. See instructions for special rules | 12 | | |
| | 13 | Mortgage insurance premiums (see instructions) | 13 | | |
| | 14 | Investment interest. Attach Form 4952 if required. (See instructions.) | 14 | | |
| | 15 | Add lines 10 through 14 | | 15 | 1,816 |
| **Gifts to Charity** | 16 | Gifts by cash or check. If you made any gift of $250 or more, see instructions | 16 | 40 | |
| If you made a gift and got a benefit for it, see instructions. | 17 | Other than by cash or check. If any gift of $250 or more, see instructions. You must attach Form 8283 if over $500 | 17 | 475 | |
| | 18 | Carryover from prior year | 18 | | |
| | 19 | Add lines 16 through 18 | | 19 | 515 |
| **Casualty and Theft Losses** | 20 | Casualty or theft loss(es). Attach Form 4684. (See instructions.) | | 20 | |
| **Job Expenses and Certain Miscellaneous Deductions** | 21 | Unreimbursed employee expenses—job travel, union dues, job education, etc. Attach Form 2106 or 2106-EZ if required. (See instructions.) ▶ | 21 | | |
| | 22 | Tax preparation fees | 22 | | |
| | 23 | Other expenses—Investment, safe deposit box, etc. List type and amount ▶ | 23 | | |
| | 24 | Add lines 21 through 23 | 24 | | |
| | 25 | Enter amount from Form 1040, line 38 |25| | | | |
| | 26 | Multiply line 25 by 2% (.02) | 26 | | |
| | 27 | Subtract line 26 from line 24. If line 26 is more than line 24, enter -0- | | 27 | |
| **Other Miscellaneous Deductions** | 28 | Other—from list in Instructions. List type and amount ▶ | | 28 | |
| **Total Itemized Deductions** | 29 | Add the amounts in the far right column for lines 4 through 28. Also, enter this amount on Form 1040, line 40 | | 29 | 10,930 |
| | 30 | If you elect to itemize deductions even though they are less than your standard deduction, check here ▶ ☐ | | | |

For Paperwork Reduction Act Notice, see Form 1040 Instructions.

Schedule A (Form 1040) 2010

DAA

01628045144 02/28/2011 P

| Form **6251** | | Alternative Minimum Tax—Individuals | | OMB No. 1545-0074 |
|---|---|---|---|---|
| Department of the Treasury Internal Revenue Service   (99) | | ▶ See separate Instructions. ▶ Attach to Form 1040 or Form 1040NR. | | **2010** Attachment Sequence No. **32** |

| Name(s) shown on Form 1040 or Form 1040NR | Your social security number |
|---|---|
| DENISE STEFFENS | 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 |

**Part I**   **Alternative Minimum Taxable Income** (See instructions for how to complete each line.)

| | | |
|---|---|---|
| 1 | If filing Schedule A (Form 1040), enter the amount from Form 1040, line 41, and go to line 2. Otherwise, enter the amount from Form 1040, line 38, and go to line 6. (If less than zero, enter as a negative amount.) | **1** | 32,93 |
| 2 | Medical and dental. Enter the **smaller** of Schedule A (Form 1040), line 4, **or** 2.5% (.025) of Form 1040, line 38. If zero or less, enter -0- | **2** | 1,09 |
| 3 | Taxes from Schedule A (Form 1040), lines 5, 6, and 8 | **3** | 5,30 |
| 4 | Enter the home mortgage interest adjustment, if any, from line 6 of the worksheet on page 2 of the instructions | **4** | |
| 5 | Miscellaneous deductions from Schedule A (Form 1040), line 27 | **5** | |
| 6 | If filing Schedule L (Form 1040A or 1040), enter as a negative amount the sum of lines 6 and 17 from that schedule | **6** | ( |
| 7 | Tax refund from Form 1040, line 10 or line 21 | **7** | ( 1,59 |
| 8 | Investment interest expense (difference between regular tax and AMT) | **8** | |
| 9 | Depletion (difference between regular tax and AMT) | **9** | |
| 10 | Net operating loss deduction from Form 1040, line 21. Enter as a positive amount | **10** | |
| 11 | Alternative tax net operating loss deduction | **11** | ( |
| 12 | Interest from specified private activity bonds exempt from the regular tax | **12** | |
| 13 | Qualified small business stock (7% of gain excluded under section 1202) | **13** | |
| 14 | Exercise of incentive stock options (excess of AMT income over regular tax income) | **14** | |
| 15 | Estates and trusts (amount from Schedule K-1 (Form 1041), box 12, code A) | **15** | |
| 16 | Electing large partnerships (amount from Schedule K-1 (Form 1065-B), box 6) | **16** | |
| 17 | Disposition of property (difference between AMT and regular tax gain or loss) | **17** | |
| 18 | Depreciation on assets placed in service after 1986 (difference between regular tax and AMT) | **18** | |
| 19 | Passive activities (difference between AMT and regular tax income or loss) | **19** | |
| 20 | Loss limitations (difference between AMT and regular tax income or loss) | **20** | 0 |
| 21 | Circulation costs (difference between regular tax and AMT) | **21** | |
| 22 | Long-term contracts (difference between AMT and regular tax income) | **22** | |
| 23 | Mining costs (difference between regular tax and AMT) | **23** | |
| 24 | Research and experimental costs (difference between regular tax and AMT) | **24** | |
| 25 | Income from certain installment sales before January 1, 1987 | **25** | |
| 26 | Intangible drilling costs preference | **26** | |
| 27 | Other adjustments, including income-based related adjustments | **27** | |
| 28 | Alternative minimum taxable income. Combine lines 1 through 27. (If married filing separately and line 28 is more than $219,900, see page 8 of the instructions.) | **28** | 37,741 |

**Part II**   **Alternative Minimum Tax (AMT)**

29 Exemption. (If you were under age 24 at the end of 2010, see page 8 of the instructions.)

| IF your filing status is . . . | | AND line 28 is not over . . . | THEN enter on line 29 . . . | | |
|---|---|---|---|---|---|
| Single or head of household | | $112,500 | $47,450 | | |
| Married filing jointly or qualifying widow(er) | | 150,000 | 72,450 | ▶ | |
| Married filing separately | | 75,000 | 36,225 | | **29** | 47,450 |

If line 28 is **over** the amount shown above for your filing status, see page 8 of the instructions.

| | | |
|---|---|---|
| 30 | Subtract line 29 from line 28. If more than zero, go to line 31. If zero or less, enter -0- here and on lines 33 and 35 and skip the rest of Part II. | **30** | 0 |
| 31 | • If you are filing Form 2555 or 2555-EZ, see page 9 of the instructions for the amount to enter. • If you reported capital gain distributions directly on Form 1040, line 13; you reported qualified dividends on Form 1040, line 9b; or you had a gain on both lines 15 and 16 of Schedule D (Form 1040) (as refigured for the AMT, if necessary), complete Part III on the back and enter the amount from line 54 here. • All others: If line 30 is $175,000 or less ($87,500 or less if married filing separately), multiply line 30 by 26% (.26). Otherwise, multiply line 30 by 28% (.28) and subtract $3,500 ($1,750 if married filing separately) from the result. | **31** | |
| 32 | Alternative minimum tax foreign tax credit (see page 9 of the instructions) | **32** | |
| 33 | Tentative minimum tax. Subtract line 32 from line 31 | **33** | 0 |
| 34 | Tax from Form 1040, line 44 (minus any tax from Form 4972 and any foreign tax credit from Form 1040, line 47). If you used Schedule J to figure your tax, the amount from line 44 of Form 1040 must be refigured without using Schedule J (see page 11 of the instructions). | **34** | 3,973 |
| 35 | **AMT.** Subtract line 34 from line 33. If zero or less, enter -0-. Enter here and on Form 1040, line 45 | **35** | |

For Paperwork Reduction Act Notice, see your tax return instructions.

Form **6251** (2010)

DAA

| SCHEDULE M | **Making Work Pay Credit** | OMB No. 1545-0074 |
|---|---|---|
| (Form 1040A or 1040) | | **2010** |
| Department of the Treasury Internal Revenue Service   (99) | ▶ Attach to Form 1040A or 1040.        ▶ See separate instructions. | Attachment Sequence No.   **16** |

| Name(s) shown on return | Your social security number |
|---|---|
| DENISE STEFFENS | 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 |

 To take the making work pay credit, you must include your social security number (if filing a joint return, the number of either you or your spouse) on your tax return. A social security number does not include an identification number issued by the IRS. Only the Social Security Administration issues social security numbers.

 You cannot take the making work pay credit if you can be claimed as someone else's dependent or if you are a nonresident alien.

**Important:** Check the "No" box on line 1a and see the instructions if:

    **(a)** You have a net loss from a business,

    **(b)** You received a taxable scholarship or fellowship grant not reported on a Form W-2,

    **(c)** Your wages include pay for work performed while an inmate in a penal institution,

    **(d)** You received a pension or annuity from a nonqualified deferred compensation plan or a nongovernmental section 457 plan, or

    **(e)** You are filing Form 2555 or 2555-EZ.

**1a** Do you (and your spouse if filing jointly) have 2010 wages of more than $6,451 ($12,903 if married filing jointly)?
    **X Yes.** Skip lines 1a through 3. Enter $400 ($800 if married filing jointly) on line 4 and go to line 5.
    **No.** Enter your earned income (see instructions) ................ | **1a** | |

  **b** Nontaxable combat pay included on line 1a
    (see instructions) ...... | **1b** | |

**2** Multiply line 1a by 6.2% (.062) .................. | **2** | |

**3** Enter $400 ($800 if married filing jointly) .......... | **3** | |

**4** Enter the **smaller** of line 2 or line 3 (unless you checked "Yes" on line 1a) | **4** | 400 |

**5** Enter the amount from Form 1040, line 38*, or Form 1040A, line 22 | **5** | 43,869 |

**6** Enter $75,000 ($150,000 if married filing jointly) | **6** | 75,000 |

**7** Is the amount on line 5 more than the amount on line 6?
    **X No.** Skip line 8. Enter the amount from line 4 on line 9 below.
    **___ Yes.** Subtract line 6 from line 5 ................... | **7** | |

**8** Multiply line 7 by 2% (.02) ................... | **8** | |

**9** Subtract line 8 from line 4. If zero or less, enter -0- .......... | **9** | 400 |

**10** Did you (or your spouse, if filing jointly) receive an economic recovery payment in **2010**? You may have received this payment in 2010 if you did not receive an economic recovery payment in 2009 but you received social security benefits, supplemental security income, railroad retirement benefits, or veterans disability compensation or pension benefits in November 2008, December 2008, or January 2009 (see instructions).
    **X No.** Enter -0- on line 10 and go to line 11.
    **___ Yes.** Enter the total of the payments you (and your spouse, if filing jointly) received in **2010**. Do not enter more than $250 ($500 if married filing jointly) | **10** | 0 |

**11** **Making work pay credit.** Subtract line 10 from line 9. If zero or less, enter -0-. Enter the result here and on Form 1040, line 63; or Form 1040A, line 40 ...... | **11** | 400 |

*If you are filing Form 2555, 2555-EZ, or 4563 or you are excluding income from Puerto Rico, see instructions.

| Form **1040** | **General Sales Tax Deduction Worksheet** | **2010** |

Name as shown on return
**DENISE STEFFENS**

Taxpayer Identification Number
**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**

State of
**CALIFORNIA**

Locality of

## General Sales Tax from IRS Tables

| | | | |
|---|---|---|---|
| 1. | Enter the amount of adjusted gross income (AGI) from Form 1040, Line 37 | 1. | 43,869 |
| 2. | Add the nontaxable amounts from Form 1040, lines 8b, 15a, 16a, 20a (Exclude rollovers and tax-free Sec. 1035 exchanges) | 2. | |
| 3. | Add the following nontaxable items: nontaxable combat pay, public assistance, veteran's benefits, workers' compensation and economic recovery payments.  Also include any amounts which increase spendable income, such as the refundable portion of refundable tax credits received in 2010 | 3. | 115 |
| 4. | Add lines 1 through 3, this is income for general sales tax table purposes | 4. | 43,984 |
| 5. | Enter the amount from the sales tax table in the Schedule A Instructions. | 5. | 710 |
| | Part-year residents, complete lines 6 - 8; Full-year residents skip lines 6 - 8 and enter the amount from line 5 on line 9 | | |
| 6. | Enter the number of days of residence in state | 6. | |
| 7. | Total days in year | 7. | 365 |
| 8. | Divide line 6 by line 7 (rounded to at least 3 decimal places) | 8. | |
| 9. | Multiply line 5 by line 8, this is the deductible general sales tax using the IRS table. | 9. | 710 |

## Local Sales Tax Using IRS Tables

| | | | |
|---|---|---|---|
| 10. | Enter the amount from the sales tax table in the Schedule A instructions. | 10. | |
| 11. | If you are a resident of Alaska, Arizona, Arkansas, California (Los Angeles County only), Colorado, Georgia, Illinois Louisiana, Missouri, New York State, North Carolina, South Carolina, Tennessee, Utah, or Virginia, enter the amount from the applicable Optional Local Sales Tax Table in the Schedule A Instructions. | 11. | |
| 12. | Enter the local general sales tax rate (exclude statewide local sales tax rate) | 12. | |
| 13. | Enter the state general sales tax rate (include statewide local sales tax rate) | 13. | |
| 14. | Divide line 12 by line 13 (rounded to at least 3 decimal places) | 14. | |
| 15. | If you entered an amount on line 11, multiply line 11 by line 12.  This is the local sales tax using the optional local sales tax tables. | | |
| | Part-year residents, complete lines 16 - 18; Full-year residents skip lines 16 - 18 and enter the amount from line 15 on line 19 | | |
| | If you did not enter an amount on line 11, multiply line 10 by line 14.  This is the local sales tax using the optional state and certain local sales tax tables. | 15. | |
| | Part-year residents, complete lines 16 - 18; Full-year residents skip lines 16 - 18 and enter the amount from line 15 on line 19 | | |
| 16. | Enter the number of days of residence in locality | 16. | |
| 17. | Total days in year | 17. | 365 |
| 18. | Divide line 16 by line 17 (rounded to at least 3 decimal places) | 18. | |
| 19. | Multiply line 15 by line 18.  This is the deductible general local sales tax using the IRS tables. | 19. | |

## General Sales Tax Summary

| | | | |
|---|---|---|---|
| 20. | Enter the sum of line 9 from all General Sales Tax Deduction Worksheets | 20. | 710 |
| 21. | Enter the sum of line 19 from all General Sales Tax Deduction Worksheets | 21. | |
| 22. | Add lines 20 and 21, this is the total General Sales taxes using the tables | 22. | 710 |
| 23. | Enter the actual state and local general sales taxes paid | 23. | |
| 24. | Enter the greater of line 22 or line 23 | 24. | 710 |
| 25. | Enter the state and local taxes paid on specified items (major purchases)* | 25. | |
| 26. | Add lines 24 and 25, this is the deductible General Sales tax | 26. | 710 |
| 27. | Enter total state and local income taxes paid* | 27. | 1,808 |

Enter the greater of line 26 or 27 on Schedule A, line 5. If line 26 is greater, mark Schedule A, line 5b. If line 27 is greater, mark Schedule A, line 5a.

* Includes allowable new motor vehicle taxes, when applicable.  If line 27 is greater, and includes new motor vehicle taxes, allowable new motor vehicle taxes are reported on Schedule A, line 7, and all state and local income taxes are reported on Schedule A, line 5.

Copy C–For EMPLOYEE'S RECORDS (See
Notice to Employee on the back of Copy B.)

41-0852411
OMB No. 1545-0008

| a Employee's soc. sec. no. | 1 Wages, tips, other comp. | 2 Federal income tax withheld |
|---|---|---|
| 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 | 40774.27 | 3825.73 |
| | 3 Social security wages | 4 Social security tax withheld |
| b Employer ID number (EIN) | 40774.27 | 2528.00 |
| 33-0656821 | 5 Medicare wages and tips | 6 Medicare tax withheld |
| | 40774.27 | 591.23 |

c Employer's name, address, and ZIP code

IPMG, INC.

12526 HIGH BLUFF DRIVE, #355
SAN DIEGO          CA          92130

d Control number

e Employee's name, address, and ZIP code                              Suff.

DENISE              STEFFENS
4516 COLLWOOD LANE
SAN DIEGO          CA          92115

| 7 Social security tips | 8 Allocated tips | 9 Advance EIC payment |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code |
| 13 Statutory employee   14 Other | | 12b Code |
| Retirement plan | | 12c Code |
| Third-party sick pay | | 12d Code |

| CA | 417-6937-3 | 40774.27 | 1359.19 |
|---|---|---|---|
| 15 State Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | |
| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name | |
| 40774.27 | 448.52 | CA - SDI | |

Form W-2 Wage and Tax Statement          2010          Dept. of the Treasury -- IRS
This information is being furnished to the IRS. If you are required to file a tax return, a negligence
penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

DAA

Steffens Declaration

Exh. 2

IPMG, INC., P/R
12526 HIGH BLUFF DRIVE, # 355  SAN DIEGO, CA 92130

1165

**Employee Name** DENISE H. STEFFENS

**For Period** 12/01/10  **to**  12/31/10

**Id No.** 200

**Date** 12/31/10

12526 HIGH BLUFF DRIVE #355
SAN DIEGO, CA 92130

**Check No. 1165**

| Type | Rate | Hours | Current | Year to Date | Deductions | Current | Year to Date |
|------|------|-------|---------|--------------|------------|---------|--------------|
| Regular Pay | | | 3120.00 | 37241.33 | Federal W/H | 282.90 | 3825.73 |
| Sick Pay | | | | 1664.24 | Social Security | 193.44 | 2528.00 |
| Vacation Pay | | | | 1868.70 | Medicare | 45.24 | 591.23 |
| | | | | | State W/H | 90.13 | 1359.19 |
| | | | | | State Other | 34.32 | 448.52 |
| | | | | | MILEAGE REIMBUR | -171.20 | -1381.75 |
| | | | | | REIMBURSED EXPE | -22.00 | -263.33 |
| Totals | | | 3120.00 | 40774.27 | Totals | 452.83 | 7107.59 |
| Social Security | | | | | Net | 2667.17 | 33666.68 |

---

IPMG, INC., P/R
12526 HIGH BLUFF DRIVE, # 355  SAN DIEGO, CA 92130

1168

12526 HIGH BLUFF DRIVE #355
SAN DIEGO, CA 92130

**Employee Name** DENISE H. STEFFENS

**For Period** 01/01/11  **to**  01/31/11

**Id No.** 200

**Date** 01/31/11

**Check No. 1168**

| Type | Rate | Hours | Current | Year to Date | Deductions | Current | Year to Date |
|------|------|-------|---------|--------------|------------|---------|--------------|
| Regular Pay | | | 3120.00 | 3120.00 | Federal W/H | 313.85 | 313.85 |
| | | | | | Social Security | 131.04 | 131.04 |
| | | | | | Medicare | 45.24 | 45.24 |
| | | | | | State W/H | 81.17 | 81.17 |
| | | | | | State Other | 37.44 | 37.44 |
| | | | | | MILEAGE REIMBUR | -141.90 | -141.90 |
| | | | | | REIMBURSED EXPE | -22.00 | -22.00 |
| Totals | | | 3120.00 | 3120.00 | Totals | 444.84 | 444.84 |
| Social Security | | | | | Net | 2675.16 | 2675.16 |

1

## PROOF OF SERVICE

2

3        I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 128 N. Fair Oaks Avenue, Pasadena, California  91103.

4

5        On March 18, 2011, I served the foregoing document(s) described as: **PLAINTIFF'S OPPOSITION TO DEFENDANT'S BILL OF COSTS AGAINST PLAINTIFF** on the interested parties in this cause as follows:

6

7                              **SEE ATTACHED SERVICE LIST**

8

<u>XX</u>    **ECF SYSTEM**

9

10        By filing the document(s) listed above with the Court's Electronic Case Filing System.  I am informed and believe that the documents will be electronically served on all individuals registered with such system.

11

_____ **BY MAIL** (For Individuals not registered with the ECF System)

12

13        _____ I deposited such envelope in the mail at Pasadena, California.  The envelope was mailed with postage thereon fully prepaid.

14

15        _____ I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

16

17

18        Executed on March 18, 2011, at Pasadena, California.

<u>XX</u>    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

19

20

21                              _____
                              Norma A. Molina
22                              Declarant

23

24

25

26

27

28

# SERVICE LIST

| | | |
|---|---|---|
| Dave Carothers, Esq.<br>Cindy Caplan, Esq.<br>CARLTON DISANTE &<br>FREUDENBERGER LLP<br>4510 Executive Drive, Suite 300<br>San Diego, California 92101<br>Telephone:  (858) 646-0007<br>Facsimile:  (858) 646-0008 | **Attorneys for Defendants** | Via ECF System |
| Nancy Gausewitz Berner, Esq.<br>CARLTON DISANTE &<br>FREUDENBERGER LLP<br>601 Montgomery St., Suite 350<br>San Francisco, California 94111<br>Telephone: (415) 981-3233<br>Facsimile: (415) 981-3246 | **Attorneys for Defendants** | Via ECF System |
| Susan L. Guinn, Esq.<br>[S.B. #159212]<br>LAW OFFICE OF SUSAN L.<br>GUINN<br>4660 La Jolla Village Drive,<br>#500<br>San Diego, California 92122<br>Telephone: (619) 275-5796<br>Facsimile: (619) 275-3546 | **Attorneys for Plaintiff** | Via ECF System |
| Steven J. Serratore, Esq.<br>[S.B. #144252]<br>SERRATORE LAW, PC<br>128 North Fair Oaks Ave.<br>Pasadena, CA 91103<br>Telephone:  (626) 577-4900<br>Facsimile: (626) 577-4911 | **Attorneys for Plaintiff** | Via ECF System |