# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE STEFFENS,<br><br>                          Plaintiff,<br>vs.<br><br>REGUS GROUP, PLC; REGUS MANAGEMENT GROUP, LLC; REGUS EQUITY BUSINESS CENTERS, LLC; REGUS BUSINESS CENTER, LLC; HQ GLOBAL WORKPLACES, LLC; THE REGUS GROUP, PLC; SANDE GOLGART; SHARON EDMONDSON; and DOES 1-10,<br><br>                         Defendants. | CASE NO. 08CV1494-LAB (WVG)<br><br>**ORDER STAYING TAXATION OF COSTS** |

## I.   Introduction

On February 16, 2011, the Court entered summary judgment for the Defendants, after which they filed a bill of costs for $15,589.44. Several days later, Plaintiff appealed the Court's summary judgment ruling to the Ninth Circuit. The Clerk of the Court subsequently taxed costs in the amount $5,424.46. Now before the Court is Plaintiff's motion for review of the Clerk's taxation of costs, or, in the alternative, to stay the taxation of costs while the Court's summary judgment ruling is on appeal.

## II.  Legal Standard

Federal Rule of Civil Procedure 54(d) creates a presumption that costs other than attorney's fees should be awarded to the prevailing party in a case, unless the district court

directs otherwise. *Berkla v. Corel Corp.*, 302 F.3d 909, 921 (9th Cir. 2002); *see also Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 572, 592 (9th Cir. 2000). A district court must generally award costs unless the prevailing party is "guilty of some fault, misconduct, or default worthy of punishment." *Nat'l Info. Servs., Inc. v. TRW, Inc.,* 51 F.3d 1470, 1472 (9th Cir. 1995). But a district court may also deny costs to a defendant if: (1) the plaintiff has limited financial resources; (2) there is a great economic disparity between the parties; (3) the taxation of costs would chill civil rights litigation; (4) the case involves issues of substantial public importance; or (5) the case was close and difficult, and the plaintiff's case had some merit. *Mexican-American Educators*, 231 F.3d at 593.

### III. Discussion

Steffens argues that this is a case in which the taxation of costs would be inappropriate and inequitable. The Court will address her arguments in sequence.

#### A. Defendants' Failure to Comply with the Local Rules

Steffens first argues that Defendants' costs should be denied because they twice submitted a bill of costs that included non-taxable items. The Court rejects this argument. There is no evidence that Defendants initial bills were a deliberate overreach, or lodged with abusive motives. Moreover, the non-taxable costs have already been stricken by the Clerk, and the total amount of costs Defendants seek has been substantially and appropriately reduced.

#### B. Steffens' Limited Resources

Next, Steffens argues that she would be rendered indigent if forced to reimburse Defendants $5,424.46 in costs. Steffens' yearly salary while employed by Defendants was approximately $80,000, plus commissions, but since her termination she has found work that pays her only $37,800 a year. On top of that, she has accumulated significant credit card debt, faces the foreclosure of her home, owes her homeowners association $7,000 in fees, and is on the verge of declaring bankruptcy. The problem is, Steffens offers proof only of her income. She mentions the other financial burdens in a declaration, but offers no evidentiary support for them. (*See* Dkt. No. 67-3.) Moreover, in her declaration she says

she would not be able to pay $15,589.44 in costs, but the Clerk reduced that amount by approximately $10,000.

The cases Steffens relies on are also easy to distinguish. The first is *Stanley v. University of Southern California*, 178 F.3d 1069, 1080 (9th Cir. 1999). In that case, the Ninth Circuit suggested, without so holding, that an *unemployed* woman would be rendered indigent by a cost bill of $47,710.97. In *Washburn v. Fagan*, a district court held that awarding a defendant $16,269.71 in costs would be inequitable because, among other reasons, the plaintiff lived hand-to-mouth and was allowed to proceed *in forma pauperis* by the Ninth Circuit on appeal. 2008 WL 361048 at *2 (N.D. Cal. Feb. 11, 2008). Steffens has not shown that she is that badly off, and her bill of costs is much more modest. Finally, Steffens relies on *Grimes v. UPS*, 2008 WL 4622589 at *2 (N.D. Cal. Oct. 17, 2008). The district court in Grimes actually didn't rely on the plaintiff's limited resources. It focused instead on the economic disparity between the parties and the importance of employment discrimination claims. The bill of costs was also huge: $52,470.42.

### C.     Economic Disparity

Related to her own limited resources, Steffens also argues that the sheer disparity in wealth between her and Defendants supports a denial of costs. She relies, again, on *Grimes*, and also on *Schaulis v. CTB/McGraw-Hill, Inc.*, 496 F.Supp. 666, 680 (N.D. Cal. 1980), in which a district court denied costs of $1,400 to a large corporation in a vigorously litigated civil rights case. The Court concedes that *Schaulis* is favorable to Steffens, but it does not find that the economic disparity between Steffens and Defendants, at least by itself, supports a denial of costs, especially where Steffens has not shown that she is indigent.

### D.     Public Significance of Case

The Ninth Circuit in *Stanley* recognized the importance of "civil rights litigants who are willing to test the boundaries of our laws." *Stanley*, 178 F.3d at 1080. The plaintiff in *Stanley* was the former head coach of a women's college basketball team who was challenging the pay differential between men's and women's coaches under the Equal Pay Act. Similarly, the Ninth Circuit approved a district court's denial of costs in *Mexican-American Educators*

on the ground that it involved issues of public importance like interracial disparities in economic opportunity and access to positions of social influence. *Mexican-American Educators*, 231 F.3d at 592. In that case, the plaintiffs were a class of minority educators who alleged that a teacher certification test violated the Civil Rights Act of 1964. *See also Washburn*, 2008 WL 361048 at *2 ("This action raised important issues regarding how the San Francisco Police Department dealt with, and supervised, excessive force incidents. In addition, there was great public concern for the issues underlying Defendants' behavior.")

With no intention of disparaging Steffens' case, the Court does not find that it is of such public significance that costs should be denied. First, Steffens' claims don't test the boundaries of the law. They are, instead, rather straightforward claims under rather settled law. Second, while the public may have a general interest in workplaces being discrimination-free, and in employees feeling free to air grievances, there is nothing significant about this case in particular. It involves a private, fact-intensive dispute whose outcome, whatever it is, will not reverberate in the public square. Third, there is an *industry* of wage and hour litigation in California, and no shortage of plaintiffs' lawyers willing to bring cases that accuse employers of failing to provide meal and rest breaks, and overtime pay. The Court therefore denies that an award of costs to Defendants would chill litigants of modest means from bringing civil rights claims. That seems an overstatement for a case of this nature.

### E. Closeness of Case

Steffens' last argument is that her claims have sufficient merit to deny costs to Defendant. After all, Steffens survived a motion to dismiss, and summary judgment was not a slam dunk for the Defendants. To the contrary, it took the Court twenty pages to explain its ruling. The closeness or difficulty of a case isn't enough *by itself*, however, to deny costs to the prevailing party, and Steffens offers no authority that it is. *See Nat'l Info. Servs.*, 51

/ / /

/ / /

/ / /

F.3d at 1473 (holding that "'difficulty' alone does not justify penalizing the prevailing parties").[1]

## IV. Conclusion

The Court, in its discretion, does not find good cause to refuse to award costs to Defendants in light of the factors approved for consideration in *Mexican American Educators*. *However*, the sheer economic disparity between the parties, and the fact that this was a hard-fought case that was brought in good faith, provide an equitable reason to stay the Clerk's award of costs until Steffens' appeal is complete.[2] Her motion to stay costs pending appeal is therefore **GRANTED**. She need not post a supersedeas bond, either, under Fed. R. Civ. P. 62(d).

**IT IS SO ORDERED**.

DATED: February 24, 2012

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] The Ninth Circuit in *Mexican-American Educators* overruled *Nat'l Info. Servs.* "to the extent that it held that *only* misconduct may support the denial of costs to a prevailing party." *Mexican American Educators*, 231 F.3d at 593.

[2] The Court delayed in ruling on the present motion on the thinking that its delay would function as a kind of stay. It issues this Order now largely because it realizes the Ninth Circuit has not scheduled oral argument, and a decision on appeal may not be issued for some time.